GEORGE CAPPS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed April 12, 1924.

This case was decided by Division A.

1. In the prosecution of a person charged with the violation of Section 5414, Revised General Statutes, denouncing the offense of incest the words "uncle" and "niece," appearing in the indictment, are sufficient to indicate the relation of consanguinity within which marriages are prohibited or declared by law to be incestuous and void.

2. Objections to an indictment based upon irregularities which go to the form rather than to the substance of the pleading should be made by demurrer or motion to quash and not after trial by a motion in arrest of judgment.

3. A judgment will not be arrested and a new trial granted where the indictment upon which the defendant was tried is not so vague and indefinite as to have embarassed him in the preparation of his defense or to have failed to advise him with sufficient certainty of the nature and cause of the accusation against him or to subject him to the liability of a second prosecution for the same offense.

A Writ of Error to the Circuit Court for Calhoun County; Amos Lewis, Judge.

Judgment affirmed.

*Carter & Solomon,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

ELLIS, J.—The plaintiff in error was convicted upon an indictment charging him with the offense of incest. The language of that portion of the indictment charging the offense is that the accused ''did unlawfully, feloniously, and incestiously have sexual intercourse with and carnally know Ada Capps, a female, she the said Ada Capps and the said George Capps being related to each other within the degrees prohibiting their marriage to each other. The said George Capps being the Uncle of the said Ada Capps and the said Ada Capps being the Niece of the said George Capps, against the form of the statute,'' etc.

The defendant pleaded not guilty and was convicted. He moved in arrest of judgment upon the ground that the indictment is fatally defective because it does not allege that ''George Capps and Ada Capps were related by consanguinity.'' The motion was overruled.

The statute is as follows: ''Punishment.—Persons within the degrees of consanguinity within which marriages are prohibited or declared by law to be incestuous and void who intermarry or commit adultery or fornication with each other, shall be punished by imprisonment in the State prison not exceeding twenty years, or in the county jail not exceeding one year.'' See Section 5414, Revised General Statutes.

The next section (5415) provides that "A man may not marry any woman to whom he is related by lineal consanguinity, nor his sister, nor his aunt, nor his niece."

In the case of Brown v. State, 42 Fla. 184, 27 South. Rep. 869, the court held an indictment sufficient which charged the defendant with incest in the following language: "being and knowing themselves to be persons forbidden to intermarry, by reason that the said Isaac Brown was the father of the said Osceola Gaffney, nee Brown, did then and there unlawfully, feloniously and incestuously have carnal knowledge, each of the body of the other, contrary," etc.

The word consanguinity was not used in that indictment. The relation of parent and child or uncle and niece is a relation by consanguinity; one lineal the other collateral. So a man's niece is related to him in that degree of consanguinity within which marriage with her is prohibited by Section 5414 *supra*. The word niece or uncle defines a relationship by consanguinity within a certain degree according to the civil, common or canon law, as certainly as the word father or daughter defines a relationship by consanguinity within a certain degree. Section 5415 *supra*. See State v. Reedy, 44 Kan. 190, 24 Pac. Rep. 66; State v. Guiton, 51 La. Ann. 155, 24 South. Rep. 784; 8 Words and Phrases 7154 "Uncle;" 5 Words and Phrases 4807 "Niece;" State v. James, 32 Utah 152, 89 Pac. Rep. 460; Goddard v. Amory, 147 Mass. 71, 16 N. E. Rep. 725; 2 Stroud's Judicial Dictionary 1263; 39 Cyc. 669; 3 Bouvier's Law Dictionary 3351; State v. Tucker, 174 Ind. 715, 93 N. E. Rep. 3 , Ann. Cas. 1913-A 100 (text 102).

It is true as counsel for plaintiff in error contend that the gist of the offense of incest in this State is sexual intercourse between blood relations and that such inter-

course between persons related by affinity is not condemned in this State. Yet, the words uncle and niece are generally understood to mean blood relationship. If good pleading required the indictment to show that the relationship alleged between the parties was a blood relationship as distinguished from relationship by affinity a demurrer or motion to quash was the proper method of raising the point which, we think, cannot be raised by a motion in arrest of judgment, because the terms "Uncle" and "Niece" are not so vague and indefinite that the use of them in an indictment would embarrass the defendant in the preparation of his defense or fail to advise him with sufficient certainty of the nature and cause of the accusation against him, or subject him to the liability of a second prosecution for the same offense. See Johnson v. State, 58 Fla. 68, 50 South. Rep. 529; Edwards v. State, 62 Fla. 40, 56 South. Rep. 401; Wolf v. State, 72 Fla. 572, 73 South. Rep. 740.

There was no error in overruling the motion in arrest of judgment so the judgment is affirmed.

TAYLOR, C. J., AND BROWNE, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur in the opinion.