575 So.2d 794 (1991)
In re ESTATE OF Angelo ANGELERI.
No. 89-2104.
District Court of Appeal of Florida, Fourth District.
March 13, 1991.
R. Brady Osborne, Jr. and Kathryn C. Bass of Osborne, Hankins, MacLaren & Redgrave, Boca Raton, for appellant.
William E. Boyes and Mark Wilensky of Levy, Kneen, Boyes, Weiner, Goldstein & Kornfield, West Palm Beach, for appellee.
ANSTEAD, Judge.
We affirm the trial court's order holding that the word "nephew" as used in the statute permitting certain non-Florida residents to serve as estate administrators is limited to blood relatives of the deceased. Appellant, a nonresident, is the nephew of the deceased's first and second wives (both of whom predeceased him), and was named as personal representative in decedent's will.
Section 733.302, Florida Statutes (1989), generally provides that personal representatives of Florida estates must be Florida residents. Section 733.304 provides certain exceptions to this residency requirement:
Nonresidents. A person who is not domiciled in the state cannot qualify as personal representative unless the person is:
(1) A legally adopted child or adoptive parent of the decedent;
(2) Related by lineal consanguinity to the decedent;[1]
(3) A spouse or a brother, sister, uncle, aunt, nephew, or niece of the decedent, or someone related by lineal consanguinity to any such person; or
(4) The spouse of a person otherwise qualified under this section.
Appellant claims to fall within the provisions of subsection (3) as a "nephew" of the deceased, and concedes that this is the only possible provision which might cover him.
While neither party has cited a decision interpreting this statute, the case law interpreting the word "nephew" in similar legal contexts has limited its meaning to blood relatives. See Frederick v. Hoffman, 7 Ohio App.2d 27, 218 N.E.2d 478 (1966); In re Estate of Platt, 147 N.Y.S.2d 716 (N.Y. Sur. 1955); In re Horton's Estate, 5 N.J. Super. 518, 68 A.2d 658 (1949); Baldwin's *795 Coex'rs. v. Curry, 272 Ky. 827, 115 S.W.2d 333 (1938); Meglemry v. Meglemry, 222 Ala. 229, 131 So. 906, 908 (1931). We believe the word should also be given that meaning here.
We agree with appellant that the rationale behind the rather expansive statutory scheme of exceptions set out in section 733.304 is difficult to comprehend. However, to accept appellant's construction would result in the creation of additional classes of nonresidents entitled to serve as representatives, a result we do not believe contemplated by the legislature. Such a construction would also invite inconsistent and unreasonable applications of the listed exceptions. For instance, the word "brother" as used in the statute would not, in our view, include a spouse's brother, a "brother-in-law" of the deceased. Logically, however, we would expect the spouse's brother to be closer in the chain of relationships with the decedent than a child of the spouse's brother. In other words, it would make little sense for the legislature to exclude the spouse's brother from service as a representative, but allow service by a child of the spouse's brother.
DELL and GUNTHER, JJ., concur.
NOTES
[1] According to Black's Law Dictionary (5th ed. 1979),

[l]ineal consanguinity is that [blood relationship] which subsists between persons of whom one is descended in a direct line from the other, as between son, father, grandfather, and so upwards in the direct ascending line; or between son, grandson, great-grandson, and so downwards in the direct descending line.
This is distinguished from collateral consanguinity, which Black's defines as
that [relationship] which subsists between persons who have the same ancestors, but who do not descend (or ascend) one from the other.
Thus, the dictionary illustrates:
father and son are related by lineal consanguinity, uncle and nephew by collateral consanguinity.