725 So.2d 417 (1999)
Alonzo CARNES, Appellant,
v.
STATE of Florida, Appellee.
No. 97-02872
District Court of Appeal of Florida, Second District.
January 15, 1999.
Rehearing Denied February 17, 1999.
Pat T. Dicesare, III of Dicesare, Davidson & Barker, P.A., Lakeland, for Appellant.
*418 Robert A. Butterworth, Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
The appellant, Alonzo Carnes, challenges his convictions of sexual battery and incest and his habitual offender sentence of twenty years in prison. We affirm the convictions and the sentences.
Appellant raises one issue upon which we feel compelled to comment. Appellant was convicted of incest. The female victim and appellant had in common only the same father. Appellant asserts that the incest statute, section 826.04, Florida Statutes (1995), does not apply to half-siblings. We hold that it does apply to half-siblings, i.e. those persons who have in common only one parent.
Section 826.04, Florida Statutes (1995), provides in pertinent part: "Whoever knowingly marries or has sexual intercourse with a person to whom he is related by lineal consanguinity, or brother, sister, uncle, aunt, nephew, or niece, commits incest, which constitutes a felony.... "The statute does not mention "half-sister" nor does it refer to any "half-blood" relatives. We hold, however, that the term "sister" in section 826.094 includes a half-sister. The obvious purpose of the incest statute is to address the evil of sexual intercourse between persons who are related to each other within specific degrees. A person's half-sister is as a close a relative as an aunt or niece, both of which fall under the protection of the incest statute. Therefore, an interpretation of section 826.04 which would permit sexual intercourse with a person's half-sister but which would prohibit sexual intercourse with that person's niece or aunt would be an absurd interpretation and contrary to the legislature's intent. The judiciary should avoid interpreting a statute in a manner which ascribes to the legislature an intent to create an absurd result. See Ferre v. State, 478 So.2d 1077 (Fla. 3d DCA 1985).
Although this question is one of first impression in Florida, other states have determined that half-blood relatives are included within the protections of their respective incest statutes. See Singh v. Singh, 213 Conn. 637, 569 A.2d 1112 (1990); State v. Skinner, 132 Conn. 163, 43 A.2d 76 (1945); Commonwealth v. Ashey, 248 Mass. 259, 142 N.E. 788 (1924); State v. Wyman, 59 Vt. 527, 8 A. 900 (1887).
Other states have concluded that certain half-blood relatives are not included in their incest statutes. The statutes involved in these states, however, specifically included some half-blood relatives, thereby indicating an intention to exclude others. See Kansas v. Craig, 254 Kan. 575, 867 P.2d 1013 (Kan. 1994); People v. Baker, 69 Cal.2d 44, 69 Cal.Rptr. 595, 442 P.2d 675 (1968); State v. Bartley, 304 Mo. 58, 263 S.W. 95 (1924). These cases are distinguishable from our case because section 826.04 does not mention any half-blood relatives.
Accordingly, we conclude that appellant's incest conviction was proper and we affirm the convictions and sentences in this case.
Affirmed.
THREADGILL, A.C.J., and ALTENBERND and GREEN, JJ., Concur.