**David DENNIS, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

No. 2002–CA–002176–MR.

Court of Appeals of Kentucky.

July 30, 2004.

Discretionary Review Denied by
Supreme Court March 9, 2005.

Richard Hoffman, Assistant Public Attorney, Department of Public Advocacy, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Michael L. Harned, Assistant Attorney General, Frankfort, KY, for appellee.

Before BARBER, SCHRODER and VANMETER, Judges.

*OPINION*

VANMETER, Judge.

This is an appeal from the Menifee Circuit Court's judgment and sentence after appellant David Dennis entered a conditional guilty plea to three counts of incest. Appellant contends that the trial court erred in not granting his motion to dismiss the indictment against him. We affirm.

Appellant was indicted on June 14, 2001, of three counts of incest for having sexual intercourse with his stepdaughter between July 31, 1999, and January 31, 2000. On August 8, 2002, appellant pled guilty to the three counts of incest, conditioned on his ability to appeal the issue of whether Kentucky's incest statute, KRS 530.020, prohibits sexual intercourse between a stepparent and stepchild. Appellant was subsequently sentenced to serve six years on each count of incest, to be served concurrently. This appeal followed.

KRS 530.020(1) provides as follows:

A person is guilty of incest when he has sexual intercourse or deviate sexual intercourse, as defined in KRS 510.010, with a person whom he knows to be an ancestor, descendant, brother, or sister. The relationships referred to herein include blood relationships of either the whole or half blood without regard to legitimacy, relationship of parent and child by adoption, and relationship of stepparent and stepchild.

■ Appellant contends that the only possible interpretation of KRS 530.020 leads to the conclusion that Kentucky's incest law does not prohibit a sexual relationship between a stepfather and his stepdaughter. He interprets the second sentence of KRS 530.020 as prohibiting sexual intercourse or deviate sexual intercourse

between an adoptive parent and adoptive child, or between a stepparent and stepchild, only if there also exists between the two persons a blood relationship of either the whole or half blood. We disagree.

As appellant asserts, it is a well-known rule of statutory construction that "[a]n unambiguous statute is to be applied without resort to any outside aids." *Delta Air Lines, Inc. v. Commonwealth of Kentucky, Revenue Cabinet,* Ky., 689 S.W.2d 14, 19 (1985). However, it is also well established that when construing a statute, a court must "ascertain and give effect to the intent of the General Assembly." *Beckham v. Board of Education of Jefferson County,* Ky., 873 S.W.2d 575, 577 (1994). Thus, in construing KRS 530.020, we must consider proposed interpretations of the statute in light of the General Assembly's legislative intent.

Kentucky's preceding incest statute, KRS 436.060, prohibited carnal knowledge of a person known to be the defendant's "father, mother, child, sister or brother." *Cooper v. Commonwealth,* Ky.App., 374 S.W.2d 481, 483 (1964). KRS 436.060 was replaced in 1975 by KRS 530.020, as set out in pertinent part above. The commentary to 530.020 addressed the statutory change as follows:

> KRS 530.020 will make some changes in former Kentucky law which prohibited only the parent-child lineal relationship, including a blood relationship either of the whole or the half blood without regard to legitimacy. KRS 530.020 extends the prohibited lineal relationship to include ancestors and descendants. **KRS 530.020 also extends this relationship to include the relationship of parent and child by adoption and the relationship of step-parent and step-child.**

(Emphasis added.) Thus, the commentary unmistakably provided that the legislature intended to prohibit sexual intercourse between stepparents and their stepchildren.

Further, it is otherwise clear from our review of the statute that the phrase "blood relationships of either the whole or half blood without regard to legitimacy" is intended to be read as a whole. As Kentucky Attorney General opinion OAG 79–416 points out, this phrase codified the decision set out in *Cecil v. Commonwealth,* 140 Ky. 717, 131 S.W. 781 (1910), which held that a defendant could be convicted of incest for having sexual intercourse with his child, even if the child was illegitimate, i.e., born out of lawful wedlock. Thus, the second sentence of KRS 530.020 must be interpreted as the Attorney General did in OAG 79–416: The [prohibited] relationships referred to herein include (1) blood relationships of either the whole or half blood without regard to legitimacy, (2) relationship of parent and child by adoption, and (3) relationship of stepparent and stepchild.

Additionally, on occasion Kentucky courts have referred to KRS 530.020 as prohibiting sexual relationships between stepparents and their stepchildren. In *Talbott v. Commonwealth,* Ky., 968 S.W.2d 76, 85 n. 1 (1998), the Supreme Court of Kentucky cited KRS 530.020 in stating that "sexual intercourse between stepparent and stepchild is incest[.]" Although appellant correctly notes that this statement was dicta in an opinion regarding a murder conviction and therefore is not dispositive of the matter now before us, the statement nonetheless shows that Kentucky's highest court has viewed KRS 530.020 as prohibiting sexual intercourse between stepparents and their stepchildren. Moreover, in *Collins v. Commonwealth,* Ky., 951 S.W.2d 569 (1997), the Supreme Court affirmed an incest conviction against a defendant who sexually abused his stepdaughter without address-

ing the fact that the victim was his stepdaughter. Thus, the Kentucky Supreme Court has impliedly concluded that KRS 530.020 prohibits sexual intercourse between a stepparent and stepchild. *See also Mitchell v. Commonwealth,* Ky., 777 S.W.2d 930, 933 (1989) (although incest conviction was overruled on other grounds, the defendant's stepparent relationship to the victim was noted in the dissent).

■ Next, we are not persuaded by appellant's contention that Kentucky's marriage statute, KRS 402.010, compels a different interpretation of KRS 530.020. Simply put, appellant did not marry the victim in the matter before us, so the marriage statute is not relevant.

■ Finally, appellant argues that the rule of lenity requires us to reverse his conviction. We disagree. The rule to which appellant refers prescribes that "[i]n interpreting an ambiguous penal statute, doubt is to be resolved in favor of the accused." *Kirby v. Commonwealth,* Ky. App., 132 S.W.3d 233, 236 (2004). This maxim does not compel our reversal of appellant's conviction, however, as we have already determined that any ambiguity in the statute's literal words is resolved by established legislative history and prior judicial interpretations.

The court's judgment is affirmed.

ALL CONCUR.