SAWAYA, J.
 

 The issue we address is whether a defendant may be convicted of the crime of incest as proscribed by section 826.04, Florida Statutes, when the victim was 18 years of age and was adopted by the defendant. This issue is raised by Daniel Beam, who appeals the judgment and sentence imposed following the jury verdict finding him guilty as charged of incest. We note that Beam also appeals his conviction and sentence for the crime of sexual battery upon a person over the age of twelve by use of threats of retaliation as charged in Count X of the information. We affirm the judgment and sentence as to that conviction without further discussion.
 
 [1]
 

 
 *332
 
 Because we must resolve a legal issue, it is not necessary to discuss in detail the evidence presented during the trial. Suffice it to say that the evidence clearly established that the victim was adopted when she was four years old by her aunt and uncle. Beam is both the victim’s adoptive father and her uncle by marriage to her maternal aunt. The State attempted to prove that Beam began sexually molesting the victim when she was about ten years old and that the abuse, which consisted primarily of fondling and oral sex, escalated over the victim’s teenage years. Shortly after the victim turned 18 years of age, Beam had sexual intercourse with her, which led to his conviction for incest as charged in Count XI. The victim completed an abuse report that was promptly relayed to the police, and Beam was subsequently arrested.
 

 At trial, following the close of the State’s case, Beam moved for judgment of acquittal. That motion was denied, and the jury returned its verdict finding Beam guilty of incest in violation of section 826.04. Beam argues, as he did in his motion for judgment of acquittal, that he cannot be convicted of incest as a matter of law because the victim was over 18 years of age and was not related to him by consanguinity.
 

 Our analysis begins with an iteration of the undisputed fact that the victim is Beam’s adopted daughter and his niece by his marriage to her biological mother’s sister. In other words, the fact that the victim is not related to Beam by consanguinity was not disputed at trial. The fact that the victim was over the age of 18 at the time of the offense was also undisputed. Although Beam has consistently proclaimed his innocence, he has also consistently argued that even if he did have intercourse with the victim, he cannot be convicted of incest because the victim was 18 and not a blood relative.
 

 With those critical facts established and Beam’s argument clearly stated, our analysis turns to interpreting the provisions of section 826.04, Florida Statutes (2006), which defines the crime of incest as follows:
 

 Whoever knowingly marries or has sexual intercourse with a person to whom he or she is related by lineal consanguinity, or a brother, sister, uncle, aunt, nephew, or niece, commits incest, which constitutes a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. “Sexual intercourse” is the penetration of the female sex organ by the male sex organ, however slight; emission of semen is not required.
 

 Because statutory interpretation is a legal matter, the standard of review is de novo.
 
 See Kephart v. Hadi,
 
 932 So.2d 1086, 1089 (Fla.2006) (“The interpretation of a statute is a purely legal matter and therefore subject to the de novo standard of review.”).
 

 At the outset, it can be readily determined from the plain language of the statute that the first part of Beam’s argument, that he cannot be convicted of incest because the victim was 18 years of age, is without merit. No age or consent requirements are contained in the statute.
 
 See McCaskill v. State,
 
 55 Fla. 117, 45 So. 843, 845 (1908) (explaining that the age, consent, or lack of consent of a party to incest does not negate the crime).
 

 As to the second part of Beam’s argument — that he cannot be convicted of in
 
 *333
 
 cest because he was not related to the victim by consanguinity — we believe that section 826.04 requires that both parties to the intercourse be related by consanguinity, whether lineal or collateral. The term “consanguinity” means related by blood; its antonym is “affinity,” which means related by marriage.
 
 See Rothery v. State,
 
 757 So.2d 1256, 1259 (Fla. 5th DCA 2000) (“Family relationships are of two types: those of consanguinity (blood) and affinity (marriage).”). “ ‘[L]ineal consanguinity is that [blood relationship] which subsists between persons of whom one is descended in a direct line from the other, as between son, father, grandfather, and so upwards in the direct ascending line; or between son, grandson, great-grandson, and so downwards in the direct descending line.’ ”
 
 In re Estate of Angeleri,
 
 575 So.2d 794, 794 n. 1 (Fla. 4th DCA 1991) (quoting
 
 Black’s Law Dictionary
 
 275 (5th ed. 1979)). Collateral consanguinity is that relationship “ “which subsists between persons who have the same ancestors, but who do not descend (or ascend) one from the other [such as uncle and niece].’ ”
 
 Id.
 
 (quoting Black’s).
 

 Precedent from the courts supports the conclusion we reach. In
 
 Huckaby v. State,
 
 343 So.2d 29 (Fla.1977), the court, after holding that rape and incest were separate and independent crimes, addressed the issue whether incest was a lesser included offense of rape. The court noted that under the general rule applicable at that time, the jury should be instructed on all lesser offenses that were covered by the accusatory pleading and supported by the evidence. The court specifically held that Huckaby’s case did not fall within the purview of this rule because the indictment “[did] not allege the critical element of the crime of incest — requisite consanguinity between the defendant and his victims.”
 
 Id.
 
 at 32. Hence, the court clearly held that consanguinity was a critical element of the crime of incest.
 

 Earlier, the supreme court in
 
 Capps v. State,
 
 87 Fla. 388, 100 So. 172 (1924), recognized that “the gist of the offense of incest in this State is sexual intercourse between blood relations and that such intercourse between persons related by affinity is not condemned in this State.”
 
 Id.
 
 at 173. There, the court also addressed the sufficiency of an indictment that did not specifically include the term “consanguinity” in charging incest. However, unlike the accusatory pleading in
 
 Huckaby,
 
 the indictment in
 
 Capps
 
 alleged that the offending parties were related as uncle and niece. Concluding that the indictment in
 
 Capps
 
 was not defective, the court explained:
 

 The relation of parent and child or uncle and niece is a relation by consanguinity; one lineal the other collateral. So a man’s niece is related to him in that degree of consanguinity within which marriage with her is prohibited by [statute]. The word niece or uncle defines a relationship by consanguinity within a certain degree according to the civil, common or canon law, as certainly as the word father or daughter defines a relationship by consanguinity within a certain degree.
 

 Id.
 
 The court therefore concluded that the indictment was sufficient and not imper-missibly vague, noting that “the words uncle and niece are generally understood to mean blood relationship.”
 
 Id.
 

 More recently, the court in
 
 Hull v. State,
 
 686 So.2d 676 (Fla. 3d DCA 1996),
 
 review denied,
 
 695 So.2d 701 (Fla.1997), observed: “The relationship of uncle-in-law and niece-in-law is clearly not alone sufficient ... to implicate the incest statute, section 826.04, Florida Statutes (1995) (requiring relationship of ‘uncle’ and ‘niece’).”
 
 Id.
 
 at 677 n. 2. Applying similar
 
 *334
 
 reasoning, the court in
 
 Carnes v. State,
 
 725 So.2d 417 (Fla. 2d DCA 1999), concluded:
 

 [T]he term “sister” in section 826.094 includes a half-sister. The obvious purpose of the incest statute is to address the evil of sexual intercourse between persons who are related to each other within specific degrees. A person’s half-sister is as close a relative as an aunt or niece, both of which fall under the protection of the incest statute.
 

 Id.
 
 at 418. Moreover, in
 
 Slaughter v. State,
 
 538 So.2d 509, 512 (Fla. 1st DCA 1989), the court explained that the incest statute addresses “the violation of generally accepted societal standards involving marriage and sexual intercourse between persons related within the specified degrees. Society’s interests in prohibiting incest include the prevention of pregnancies which may involve a high risk of abnormal or defective offspring.”
 

 In
 
 Hendry v. State,
 
 571 So.2d 94 (Fla. 2d DCA 1990), the only Florida case addressing incest and adoption, the court held that the adoption statute, section 63.172, cannot erase the biological fact of lineal consanguinity and, therefore, a man can be convicted of incest for having sex with his biological daughter even though the daughter had been adopted by a third party prior to the intercourse.
 

 We note that the Florida courts have historically defined the crime of incest with reference to marriage statutes, which prohibited marriage within certain degrees of consanguinity. As early as 1908, the Florida Supreme Court explained that “[i]ncest is sexual intercourse between persons so nearly related to each other that marriage between them would be unlawful.”
 
 McCaskill,
 
 45 So. at 843. The statutes in effect at that time, quoted by the court in
 
 McCaskill,
 
 were similar to the provisions currently in effect:
 

 The statutes of this state provide that: “Persons within the degrees of consanguinity within which marriages are prohibited or declared by law to be incestuous and void who intermarry or commit adultery or fornication with each other, shall be punished by imprisonment in the state prison not exceeding twenty years, or in the county jail not exceeding one year.” “A man may not marry any woman to whom he is related by lineal consanguinity, nor his sister, nor his aunt, nor his niece. A woman may not marry any man to whom she is related by lineal consanguinity, nor her brother, nor her uncle, nor her nephew.” Sections 2601 and 2602 Rev. Stats, of 1892, sections 3524 and 3525 Gen. Stats, of 1906.
 

 Id.
 
 at 844. We further note that the laws enacted in other states have defined the crime of incest with reference to the statute defining the degrees of consanguinity within which marriage was prohibited.
 
 See, e.g.,
 
 S.D. Codified Laws § 22-22A-2 (2008) (defining incest as being between persons related “within degrees of consanguinity within which marriages are, by the laws of this state, declared void....”). Therefore, section 741.21, Florida’s current statute defining and prohibiting incestuous marriage, is relevant to our interpretation of section 826.04. Section 741.21, Florida Statutes (2006), provides: “A man may not marry any woman to whom he is related by lineal consanguinity, nor his sister, nor his aunt, nor his niece. A woman may not marry any man to whom she is related by lineal consanguinity, nor her brother, nor her uncle, nor her nephew.” From the plain language of sections 741.21 and 826.04, it is clear that the legal definition of incest is limited to persons who are related either by lineal consanguinity or collateral consanguinity. It does not extend to persons who are related by affinity or adoption, but not biologically by blood.
 

 We are not alone in our conclusion. Numerous decisions rendered by courts in
 
 *335
 
 other states hold that incest does not encompass conduct between persons related only by adoption. See,
 
 e.g., People v. Kaiser,
 
 119 Cal. 456, 51 P. 702, 703 (1897) (“The word ‘daughter’ means, and is generally understood to mean, ‘an immediate female descendant,’ and not an adopted daughter, a step-daughter, or a daughter in law.”);
 
 State v. Lee,
 
 196 Miss. 311, 17 So.2d 277 (1944) (defendant could not be convicted of incest with an adopted daughter);
 
 State v. Rogers,
 
 260 N.C. 406, 138 S.E.2d 1, 3 (1963) (recognizing that the statutory crime of incest is not applicable to a sexual relationship between a man and his adopted daughter);
 
 State v. Youst,
 
 74 Ohio App. 381, 59 N.E.2d 167 (1943) (statutory crime of incest is not applicable to a sexual relationship between a man and his adopted daughter);
 
 State v. Bale,
 
 512 N.W.2d 164, 166 (S.D.1994) (holding that sexual penetration between an adoptive parent and child is not incest; explaining that “[t]he legislature could have easily prohibited sexual relations between relatives by affinity and by adoption, but did not do so.”).
 
 [2]
 

 We conclude that Beam cannot be convicted of incest with the victim by virtue of his being her “uncle-in-law” because relations by affinity are not included within the purview of incest as proscribed in section 826.04. The fact that Beam adopted the victim does not alter the biological fact that she was not related to him by consanguinity. Based on the foregoing, the judgment and sentence as to Count XI must be vacated. The judgment and sentence as to Count X is affirmed.
 

 AFFIRMED in part; REVERSED in part; REMANDED.
 

 PALMER, C.J. and TORPY, J., concur.
 

 [1]
 

 . Beam was charged with several crimes against the victim in a multi-count information. The jury acquitted Beam on Counts I through IX. Count X alleged that Beam committed sexual battery upon a person over the
 
 *332
 
 age of 12 by use of threats of retaliation, and Count XI alleged that Beam committed incest. The jury found Beam guilty of the crimes alleged in those two counts, and Beam was sentenced to 20 years’ imprisonment followed by five years' probation on Count X, concurrent with five years’ imprisonment followed by five years’ probation on Count XI.
 

 [2]
 

 . The State's reliance on the Connecticut Supreme Court's decision in
 
 State v. George B.,
 
 258 Conn. 779, 785 A.2d 573 (2001), is misplaced. The State urges that the court’s holding in
 
 George B.
 
 that incest encompasses adopted as well as blood relatives is persuasive because the Connecticut adoption statute is similar to section 63.172, Florida Statutes, which provides in relevant part:
 

 (1) A judgment of adoption, whether entered by a court of this state, another state, or of any other place, has the following effect:
 

 [[Image here]]
 

 (c) Except for rights of inheritance, it creates the relationship between the adopted person and the petitioner and all relatives of the petitioner that would have existed if the adopted person were a blood descendant of the petitioner born within wedlock. This relationship shall be created for all purposes, including applicability of statutes, documents, and instruments, whether executed before or after entry of the adoption judgment, that do not expressly exclude an adopted person from their operation or effect.
 

 § 63.172(1)(c), Fla. Stat. (2006). While the State is correct that the two adoption statutes are similar, the State overlooks the fact that Florida’s incest statute is significantly different from the Connecticut statute on the same subject. Critically, in Connecticut, incest is not limited strictly to blood relations, but extends to certain specified step-relations; for example, a man may not marry or have intercourse with his stepmother or stepdaughter, and a woman may not marry or have intercourse with her stepfather or stepson.
 
 See
 
 Conn. Gen.Stat. §§ 46b-21, 53a-72a (2008).