**Robert Eugene BRADFORD, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2010–CA–001314–MR.

Court of Appeals of Kentucky.

June 24, 2011.

Adele Burt Brown, Lexington, KY, for Appellant.

Jack Conway, Attorney General of Kentucky, James C. Shackelford, Assistant Attorney General, Frankfort, KY, for Appellee.

Before KELLER and LAMBERT, Judges; SHAKE,[1] Senior Judge.

*OPINION*

LAMBERT, Judge:

Robert Eugene Bradford has appealed from the final judgment of the Fayette Circuit Court entered pursuant to a conditional guilty plea, convicting him of incest and sentencing him to ten years' imprisonment. Because we must hold in this case of first impression that the plain language of KRS 530.020, the incest statute, does not apply to a step-grandparent/step-grandchild relationship, we must reverse Bradford's conviction.

In January 2010, the Fayette County grand jury indicted Bradford on one charge of incest for subjecting his then-fourteen-year-old step-grandson to deviate sexual intercourse. This occurred be-

1. Senior Judge Ann O'Malley Shake sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

tween August and November 2009. Bradford moved the circuit court to either dismiss the indictment or amend the charge to sodomy in the third degree. In support of his motion, Bradford stated that KRS 530.020(1) does not apply to the step-grandparent/step-grandchild relationship. The only "step" relationship addressed by the statute and its commentary is the step-parent/stepchild relationship. Therefore, because KRS 530.020 does not apply to his relationship with the victim, Bradford contends he should not have been indicted under that statute.

In response, the Commonwealth argued that through expanding the reach of the statute, the General Assembly intended to include all relationships created not only through birth, but also through adoption and marriage. This would include the step-grandparent/step-grandchild relationship. In support, the Commonwealth cited to the unpublished opinion of *Lewis v. Commonwealth*, 2009 WL 414583 (2008–CA–000764–MR) (Ky.App.2009). With this opinion, the Commonwealth argued that this Court implicitly concluded that KRS 530.020 prohibited sexual intercourse between a step-grandparent and a step-grandchild.

The circuit court agreed with the Commonwealth and denied Bradford's motion. Bradford then moved the circuit court enter a guilty plea conditioned upon his right to appeal the adverse ruling. The circuit court accepted his plea, found him guilty as charged in the indictment, sentenced him to the minimum term of ten years' imprisonment, and imposed upon him other requirements due to his status as a sex offender. The court permitted Bradford to remain on bond pending his appeal. This appeal follows.

▬▬▬ We begin our analysis by recognizing that "[a]ll statutes of this state shall be liberally construed with a view to pro-mote their objects and carry out the intent of the legislature, and the rule that statutes in derogation of the common law are to be strictly construed shall not apply to the statutes of this state." KRS 446.080(1). Furthermore, we recognize that the interpretation of a statute represents a question of law and that we "must interpret the statute according to the plain meaning of the act and in accordance with the legislative intent." *Floyd County Bd. of Educ. v. Ratliff*, 955 S.W.2d 921, 925 (Ky.1997). Likewise, we must afford statutory language its literal meaning. *Coy v. Metropolitan Prop. & Cas. Ins. Co.*, 920 S.W.2d 73, 74 (Ky.App.1995). It is also "a well-known rule of statutory construction that an unambiguous statute is to be applied without resort to any outside aids." *Dennis v. Commonwealth*, 156 S.W.3d 759, 761 (Ky.App.2005) (internal quotation marks and brackets omitted).

The statute at issue in the present case is KRS 530.020, in which the legislature defined the crime of incest. That statute provides, in relevant part, as follows:

(1) A person is guilty of incest when he or she has sexual intercourse or deviate sexual intercourse, as defined in KRS 510.010, with a person whom he or she knows to be an ancestor, descendant, brother, or sister. The relationships referred to herein include blood relationships of either the whole or half blood without regard to legitimacy, relationship of parent and child by adoption, and relationship of stepparent and stepchild.

Bradford argues that the circuit court erred in determining that KRS 530.020 prohibits sexual intercourse between a step-grandparent and a step-grandchild. Based upon the plain language of the statute, Bradford maintains that the only "step" relationship it prohibits is one between a stepparent and a stepchild. On the other hand, the Commonwealth con-

tends that the statute does not include an exhaustive list of those who could be ancestors or descendants, meaning that the legislature intended to prohibit multi-generational relationships related by marriage as well as by blood. It continues to rely upon *Lewis, supra,* to argue that this Court has implicitly approved this interpretation of the statute.

Based upon the plain language of the statute as well as the commentary, we must hold that the legislature did not intend to extend the reach of KRS 530.020 to the step-grandparent/step-grandchild relationship. Regarding the "step" relationship, the statutory language itself only refers to the relationship between a stepparent and a stepchild. The commentary describes the changes in this statute from the former law, which prohibited only parent-child lineal relationships. It explains that KRS 530.020 "extends the prohibited lineal relationship to include ancestors and descendants .... [and] also extends this relationship to include the relationship of parent and child by adoption and the relationship of step-parent and step-child." The legislature did not include the stepgrandparent/step-grandchild relationship in the expanded version of the incest law.

The circuit court, relying on the Commonwealth's response, cited to *Dennis, supra,* to support its conclusion that the legislature intended to extend the reach of the statute to the step-grandparent/stepgrandchild relationship. We disagree with this assessment. On the contrary, *Dennis* provides support for Bradford's argument. *Dennis* addresses a situation where the defendant was convicted for having sexual intercourse with his stepdaughter. The defendant's argument was that the statute only prohibited this relationship if there was a blood relationship between the two persons. This Court disagreed and specifically stated that "[t]he [prohibited] rela-

tionships referred to herein include (1) blood relationships of either the whole or half blood without regard to legitimacy, (2) relationship of parent and child by adoption, and (3) relationship of stepparent and stepchild." *Dennis,* 156 S.W.3d at 761.

We further rely upon this Court's unpublished opinion in *Jones v. Commonwealth,* 2007 WL 288280 (2004–CA–002639–MR & 2005–CA–001790–MR) (Ky. App.2007), in which we addressed the definition of stepchild for purposes of KRS 530.020. The defendant argued that the victim did not fit the definition of a stepchild because she was over the age of eighteen. The Court chose to interpret "stepchild" broadly, and concluded that it meant "a son or daughter of one's wife or husband" and encompassed both an adult and a minor child. *Id.* at *2. Notably, this definition could not include a step-grandchild.

We also reject the Commonwealth's and the circuit court's reliance upon our unpublished opinion in *Lewis, supra,* and the statement that this Court implicitly approved the extension of the statute to the step-grandparent/step-grandchild relationship. The opinion makes it clear that Lewis was proceeding *pro se* before both the circuit court and this Court and, as such, he perhaps would not have had the legal expertise to raise this issue as a possible defense. Furthermore, Lewis had entered an unconditional guilty plea, and the only issue he raised in either court addressed excessive sentencing under KRS 532.110(1). Therefore, this issue was never raised or considered by this Court.

We appreciate that the Commonwealth brought to our attention the unpublished opinion of *Watkins v. Commonwealth,* 2009 WL 4251785 (2008–SC–000177–MR) (Ky.2009), which addressed a sodomy conviction. In a footnote, the Supreme Court stated that "Watkins was indicted for in-

cest but that charge was subsequently dismissed because Watkins was M.P.'s step-grandfather, a relationship not included in the incest statute." *Id.* at *1 n. 1.

Because this is an issue of first impression, we have also looked for guidance in other states. In *State v. Handyside,* 42 Wash.App. 412, 711 P.2d 379 (1985), the Washington appellate court declined to include any "step" relationships other than stepparent and stepchild in its interpretation of that state's incest statute. RCW 9A.64.020(1)(a) and (2)(a) define the crime of incest as sexual intercourse or sexual contact "with a person whom he or she knows to be related to him or her, either legitimately or illegitimately, as an ancestor, descendant, brother, or sister of either the whole or the half blood." Descendant is then defined to include "stepchildren and adopted children under eighteen years of age[.]" RCW 9A.64.020(3)(a). In declining to extend the reach of the statute, the court stated that "[t]o include the relationship of step-grandparent and step-grandchild in the incest statute would write a term into the statute not included by the Legislature. This we cannot do." *Handyside,* 42 Wash.App. at 414, 711 P.2d 379.

The Georgia appellate court addressed this issue in *Glisson v. State,* 188 Ga.App. 152, 372 S.E.2d 462 (1988), when it reversed an incest conviction for acts between a step-grandfather and a step-granddaughter. The current version OCGA § 16–6–22,[2] Georgia's incest statute, states:

(a) A person commits the offense of incest when such person engages in sexual

intercourse or sodomy ... with a person whom he or she. knows he or she is related to either by blood or by marriage as follows:

(1) Father and child or stepchild;

(2) Mother and child or stepchild;

(3) Siblings of the whole blood or of the half blood;

(4) Grandparent and grandchild;

(5) Aunt and niece or nephew; or

(6) Uncle and niece or nephew.

The *Glisson* court recognized that despite the egregiousness of the acts, "since the statute does not include a prohibition against sexual intercourse between a 'step-grandfather' and 'stepgranddaughter,' it is excluded under the maxim *expression unios est exclusion alterius." Glisson,* 188 Ga.App. at 153, 372 S.E.2d 462.

The Louisiana Court of Appeals affirmed a conviction of aggravated incest between a step-grandfather and step-granddaughter in *State v. Ponsell,* 33,543 (La.App. 2 Cir.8/23/00), 766 So.2d 678 (2000). However, unlike in Kentucky, this relationship was specifically included in the statute. LSA–R.S. 14:78.1(A) defines "aggravated incest" as:

the engaging in of any prohibited act enumerated in Subsection B with a person who is under eighteen years of age and who is known to the offender to be related to the offender as any of the following biological, step, or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew, or niece.

---

**2.** The version in effect at the time *Glisson* was rendered provided: "OCGA § 16–6–22(a) provides: 'A person commits the offense of incest when he engages in sexual intercourse with a person to whom he knows he is related either by blood or by marriage as follows: (1) Father and daughter *or stepdaughter;* (2)

Mother and son *or stepson;* (3) Brother and sister of the whole blood *or of the half blood;* (4) Grandparent and grandchild; (5) Aunt and nephew; or (6) Uncle and niece.' (Emphasis supplied.)" *Glisson,* 188 Ga.App. at 152, 372 S.E.2d 462.

Like Louisiana's statute, Arkansas's incest statute specifically includes the step-grandparent/step-grandchild relationship. A.C.A. § 5–26–202 provides:

(a) A person commits incest if the person, being sixteen (16) years of age or older, purports to marry, has sexual intercourse with, or engages in deviate sexual activity with another person sixteen (16) years of age or older whom the actor knows to be:

(1) An ancestor or a descendant;

(2) A stepchild or adopted child;

(3) A brother or sister of the whole or half blood;

(4) An uncle, aunt, nephew, or niece; or

(5) A stepgrandchild or adopted grandchild.

Kentucky's incest statute is more like those of Washington and Georgia because all three omit any reference to the step-grandparent/step-grandchild relationship. As our research has proven, courts have declined to apply their states' respective incest statute to the step-grandparent/step-grandchild relationship unless it is specifically included in the statutory language.

We recognize that the purpose of Kentucky's incest statute is both to prohibit sexual intercourse between individuals within certain degrees of relationship to one another and to protect the family unit. Had our legislature wanted to define such acts between a step-grandparent and a step-grandchild as incest, it certainly could have included such language in the statute. With so many of Kentucky's children now being raised by their grandparents, one of whom might be a step-grandparent, it might be wise to extend to statute to encompass that "step" relationship. However, that is a public policy consideration which is best left to the legislature. *See*

*Caneyville Volunteer Fire Dept. v. Green's Motorcycle Salvage, Inc.,* 286 S.W.3d 790, 807 (Ky.2009) ("Shaping public policy is the exclusive domain of the General Assembly. We have held that '[t]he establishment of public policy is granted to the legislature alone. It is beyond the power of a court to vitiate an act of the legislature on the grounds that public policy promulgated therein is contrary to what the court considers to be in the public interest.' "). Therefore, we decline to extend the reach of the statute to the step-grandparent/step-grandchild relationship based upon the specific language of KRS 530.020. Accordingly, the circuit court committed reversible error when it denied Bradford's motion to dismiss or to amend the indictment.

For the foregoing reasons, the final judgment and sentence of the Fayette Circuit Court is reversed, and this matter is remanded to the circuit court for further proceedings in accordance with this opinion and with directions that the charge in the indictment be amended to sodomy in the third degree.

SHAKE, Senior Judge, concurs.

KELLER, Judge, concurs in result only.