Larry **RAINES**, Appellant

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

No. 2010–CA–001059–MR.

Court of Appeals of Kentucky.

Jan. 27, 2012.

---

Linda Roberts Horsman, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, for Appellant.

Jack Conway, Attorney General of Kentucky, Courtney J. Hightower, Assistant Attorney General Office of Criminal Appeals, Frankfort, KY, for Appellee.

Before CLAYTON, DIXON, and LAMBERT, Judges.

## OPINION

CLAYTON, Judge:

Larry Raines appeals from a judgment of the Jessamine Circuit Court on his conditional guilty plea to seven counts of incest. For the following reasons, we affirm.

Raines was indicted on March 10, 2006, on twenty-three counts of incest and being a persistent felony offender in the second degree. Subsequently, on December 22, 2006, in an order that was entered on January 5, 2007, Raines conditionally pled guilty to seven counts of incest. The other incest and persistent felony offender counts were dismissed. Raines reserved his right to appeal based on whether the incest statute, as enacted in 2006, was applicable to the sexual contact between him and his stepdaughter since she was an adult at the time of the sexual incidents. On February 23, 2007, he was sentenced to a five-year term of imprisonment.

Although Raines' plea was conditional, an appeal was not filed. On July 10, 2010, Raines filed a pro se motion for reinstatement of his appeal with our Court. We directed the Jessamine Circuit Court to hold a hearing to ascertain whether Raines had waived his right to an appeal. On October 22, 2010, the Jessamine Circuit Court held that Raines did not explicitly or implicitly waive his right to appeal. Thus, Raines was allowed a belated appeal. He now appeals from the January 5, 2007, judgment of the Jessamine Circuit Court.

Raines argues that the incest statute, which was in effect in 2006 when the incest occurred, did not criminalize consensual sexual relations between adult persons whose familial relationship was stepfather and stepdaughter, that is, in cases where the parties were adults and not blood-related. The Commonwealth counters that the statute did criminalize sexual intercourse between a stepfather and a stepdaughter notwithstanding that the stepdaughter was an adult.

To begin, we note that on appeal we will consider the efficacy of a conditional guilty plea when the issue upon which appellate review is sought was set forth in the conditional plea documents. *Dickerson v. Commonwealth,* 278 S.W.3d 145, 149 (Ky.2009).

Furthermore, matters of statutory construction are subject to de novo review. *Halls Hardwood Floor Co. v. Stapleton,* 16 S.W.3d 327, 330 (Ky.App.2000).

Although the pertinent statute, Kentucky Revised Statutes (KRS) 530.020 was amended in 2006 (effective June 12, 2006), the acts for which Raines was indicted occurred between June 2005 and January 2006. At that time, KRS 530.020 stated:

> (1) A person is guilty of incest when he has sexual intercourse or deviate sexual intercourse, as defined in KRS 510.010, with a person whom he or she knows to be an ancestor, descendant, brother, or sister. The relationships referred to herein include blood relationships of either the whole or half blood without regard to legitimacy, relationship of parent and child by adoption, and relationship of stepparent and stepchild.
>
> (2)(a) Incest is a Class C felony[.]

Before addressing this particular statute, we note that certain principles guide the interpretation of statutory denotation. First, we recognize that the General Assembly "intends an Act to be effective as an entirety." *See George v. Scent,* 346 S.W.2d 784, 789 (Ky.1961). In addition, "[w]e have a duty to accord to words of a statute their literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion." *Bailey v. Reeves,* 662 S.W.2d 832, 834 (Ky.1984). Additionally, the most commonly stated "rule in statutory interpretation is that the 'plain meaning' of the statute controls." *Commonwealth v. McBride,* 281 S.W.3d 799, 803 (Ky.2009). With these principles in mind, we turn to the version of KRS 530.020 in effect at the time of this indictment.

Our Court discussed KRS 530.020 in *Dennis v. Commonwealth,* 156 S.W.3d 759 (Ky.App.2004). The Court held that KRS 530.020 included the relationship of parent and child by adoption and the relationship of stepparent and stepchild regardless of the existence of a blood relationship. Therefore, it was concluded that the statute was intended to prohibit sexual behavior between stepparents and stepchildren. *Dennis,* however, made no distinction between adult and minor children, concluding only that the legislature intended to prohibit sexual intercourse between stepparents and their stepchildren. *Id.* at 761.

Thus, the question becomes whether the statutory inclusion of certain relationships without listing specific ages is significant as to the General Assembly's purpose in enacting the statute. First, we observe that all the relationships specifically delineated in the statute are without age constraints. Certainly, Raines is not arguing that sexual intercourse between those who have blood relationships of either the whole or half blood or those with a parent and child relationship through adoption would be noncriminal even if both parties were adults. Since, the plain meaning of the statute does not include the victim's age as an element of the crime of incest; our interpretation of the statute is that the primary element for incest is the relationship of the parties. Undoubtedly, the legislative intent is to prohibit sexual intercourse between persons with such relationships, including stepparents and stepchildren.

Our interpretation is supported by an unpublished case from our Court, *Jones v. Commonwealth,* 2007 WL 288280 (Ky.App. 2007). Therein is stated:

> From its language, we glean the purpose of KRS 530.020 is to prohibit sexual intercourse between persons within certain proscribed degrees of relationship to each other. It is designed to generally protect the family unit, and to specifically protect society from genetic mutations that may occur in issue of in-

cestuous relationships. In furtherance of protecting the family unit, our legislature particularly prohibited sexual intercourse between "stepparent and stepchild."

*Id.* at 2. Later, the Court discussed whether age was significant in a stepparent relationship:

[W]e interpret "stepchild" broadly as meaning a son or daughter of one's wife or husband. Plainly stated, we view the term "stepchild" as encompassing both an adult and minor child of one's wife or husband. This interpretation better comports with the legislative purpose of KRS 530.020–the protection of the family unit. We can find no legal authority that leads us to believe the general assembly intended for incest under KRS 530.020 to be limited to relationships with children under the age of eighteen. It stands to reason that the family unit is equally threatened by sexual relations between a stepparent and adult stepchild as between a stepparent and minor stepchild.

*Id.* at 3. We concur with the reasoning and holding of this case.

Bolstering our reasoning is another statutory principle guiding our review of statutes is that "[w]here a statute is intelligible on its face, the courts are not at liberty to supply words or insert something or make additions which amount, as sometimes stated, to providing for a *casus omissus,* or cure an omission." *Commonwealth v. Harrelson,* 14 S.W.3d 541, 546 (Ky.2000). In other words, it is not the job of appellate courts to add or omit words from statutes. *Id.* We will not do so here. Finally, we are not persuaded by Raines' assertion that the 2006 version of the statute has an impact on its previous meaning. Nor do we believe that the Legislature meant something more than the definition of "stepchild" in the statute.

The judgment of the Jessamine Circuit Court is affirmed.

ALL CONCUR.