RENDERED: MARCH 17, 2016
TO BE PUBLISHED

# Supreme Court of Kentucky

## 2015-SC-000359-MR

CURTIS HOWARD                                      APPELLANT

           ON APPEAL FROM GARRARD CIRCUIT COURT

V.            HONORABLE C. HUNTER DAUGHERTY, JUDGE
                    NO. 12-CR-00077

COMMONWEALTH OF KENTUCKY                        APPELLEE

**OPINION OF THE COURT BY JUSTICE KELLER**

**<u>AFFIRMING</u>**

Following the trial court's denial of his motion to dismiss, Curtis Howard entered a conditional guilty plea to three counts of incest, one count of first-degree sexual abuse, and to being a first-degree persistent felony offender (PFO) and was sentenced to 20 years' imprisonment.[1] The charges arose from allegations that Howard had sexual intercourse with his adult stepdaughter. Howard now appeals as a matter of right and argues that the incest statute does not criminalize consensual sexual intercourse between non-blood related adults who never had a parent/child relationship. We disagree and affirm the trial court's judgment.

---

[1] Howard was originally indicted on six counts of incest, six counts of first-degree rape, six counts of first-degree sodomy, and being a second-degree PFO. Half of the rape and sodomy charges were alleged to have been committed against his wife and the other half were against his stepdaughter. It is not clear from the record why Howard plead guilty to being a first-degree PFO.

# I.   ANALYSIS.

Kentucky's incest statute states:

> A person is guilty of incest when he or she has sexual intercourse
> or deviate sexual intercourse, as defined in KRS 510.010, with a
> person whom he or she knows to be an ancestor, descendant,
> uncle, aunt, brother, or sister. The relationships referred to herein
> include blood relationships of either the whole or half blood
> without regard to legitimacy, relationship of parent and child by
> adoption, relationship of stepparent and stepchild, and
> relationship of step-grandparent and step-grandchild.

Kentucky Revised Statute (KRS) 530.020(1).  Howard concedes that the plain language of the statute criminalizes sexual intercourse between a stepparent and a stepchild; however, he argues that, based on the ordinary meaning of the word "child," "stepchild" refers only to the minor child of one's spouse by a former partner.  Given that definition, Howard argues KRS 530.020 does not criminalize sexual intercourse between a stepfather and his adult stepdaughter.  Because this reading of the statute fails to comport with the complete definition of "child," the remainder of KRS 530.020, and persuasive case law, we disagree.

While we do not wholly reject Howard's interpretation of "child," we find that it is incomplete.  The Oxford American Dictionary defines "child" as "a young human being below the age of puberty" and also as "one's son or daughter (at any age)." *The Oxford American Dictionary of Current English* 130 (Oxford University Press 1999).  Thus, contrary to Howard's contention, the definition of "child" is not limited to a minor; rather, the term applies to an offspring of a parent, regardless of age.  In the context of KRS 530.020(1), "stepchild" refers to the son or daughter of one's spouse by a former partner at

2

any age. Therefore, we hold that Kentucky's incest statute criminalizes sexual intercourse between a stepparent and a stepchild, regardless of age and consent.

This interpretation is further bolstered by a full reading of KRS 530.020. The second section of the statute provides:

(a) Incest is a Class C felony if the act is committed by consenting adults.

(b) Incest is a Class B felony if committed:

1. By forcible compulsion as defined in KRS 510.010(2); or

2. On a victim who is:

a. Less than eighteen (18) years of age; or

b. Incapable of consent because he or she is physically helpless or mentally incapacitated.

(c) Incest is a Class A felony if:

1. Committed on a victim less than twelve (12) years of age; or

2. The victim receives serious physical injury.

KRS 530.020(2). Where section (1) of the statute does not mention age, subsection (2)(a) clearly characterizes incest between consenting adults as a Class C felony. After reading both sections of the statute together, it becomes clear that the age of the victim is not an element of the offense except for determining the class of the felony committed. Thus, the General Assembly undoubtedly intended to prohibit sexual intercourse with an adult stepchild

3

and a minor stepchild alike. Howard's argument that Kentucky's incest statute does not criminalize sexual intercourse between related, consenting adults must fail because the statute contemplates and prohibits such a scenario.

This interpretation of KRS 530.020 is not novel; the Court of Appeals has construed stepparent-incest similarly in at least two published opinions. In 2004, the Court, in *Dennis v. Commonwealth*, 156 S.W.3d 759, 762 (Ky. Ct. App. 2004), held that Kentucky's incest statute[2] prohibited sexual intercourse between a stepparent and stepchild. Dennis argued that KRS 530.020 prohibited sexual intercourse between a stepparent and stepchild only if a blood relationship also existed. *Id.* at 760-61. The Court disagreed, considering legislative commentary from 1974 and a Kentucky Attorney General Opinion, which both interpreted KRS 530.020 to prohibit sexual intercourse between a stepparent and a stepchild, regardless of blood relationship. Furthermore, the *Dennis* Court noted that the Supreme Court had impliedly concluded that KRS 530.020 prohibited sexual intercourse between a stepparent and stepchild. *Id.* at 762 (citing *Talbott v. Commonwealth*, 968 S.W.2d 76, 85 n. 1 (Ky. 1998) (in *dicta*, the Court noted that "sexual intercourse between stepparent and stepchild is incest[.]") and *Collins v. Commonwealth*, 951 S.W.2d 569 (Ky. 1997) (the Court affirmed an incest conviction against a defendant who sexually abused his stepdaughter without addressing the fact that the victim was his stepdaughter)).

---

[2] We note that the *Dennis* Court interpreted a prior version of KRS 530.020; however, the substance of the statute as to stepparent-incest has remained unchanged.

4

In *Raines v. Commonwealth*, 379 S.W.3d 152 (Ky. Ct. App. 2012), the Court of Appeals considered the effect of age on stepparent-incest. There, Raines argued that KRS 530.020[3] did not criminalize sexual intercourse between a stepfather and an adult stepdaughter who was not related by blood. *Id.* at 153-54. After briefly discussing *Dennis*, the Court disagreed with Raines and found that a plain reading of KRS 530.020 did not include the victim's age as an element of the crime and that "the primary element for incest [was] the relationship of the parties." *Id.* at 154. Therefore, the Court held that "the legislative intent [was] to prohibit sexual intercourse between persons with such relationships, including stepparents and stepchildren." *Id.*

The *Raines* Court found further support for its holding in the unpublished decision in *Jones v. Commonwealth*, No. 2004-CA-002639-MR, 2007 WL 288280 (Ky. Ct. App. Feb. 2, 2007). On nearly identical facts to *Raines*, the Court considered Jones's Kentucky Rule of Criminal Procedure (RCr) 11.42 motion, in which Jones argued that his trial counsel was ineffective for advising him to plead guilty to incest. *Id.* at *1-*2. Jones, like Howard herein and Raines, maintained that KRS 530.020 only prohibited sexual intercourse between a stepparent and a minor stepchild. *Id.* at *2. The Court disagreed, reasoning that "stepchild" encompassed both an adult and minor child of one's wife or husband and finding that the "family unit is equally threatened by sexual relations between a stepparent and adult stepchild as

---

[3] Again, we note that the *Raines* Court considered a version of KRS 530.020 that was slightly different from the version interpreted in *Dennis* as well as the version interpreted herein. Those differences do not alter the analysis as to stepparent-incest.

between a stepparent and minor stepchild." [4] *Id.* at *3. The *Raines* Court concurred with this reasoning and holding without reservation. *Raines*, 379 S.W.3d at 155.

Howard urges this Court to overrule *Raines* and *Jones*, but we are not persuaded. Both cases are factually on point and present nearly identical issues and arguments to the case at hand. While it is true that *Jones* is an unpublished decision and its procedural posture is framed differently, i.e. considering the stepparent-incest issue in the context of an RCr 11.42 appeal, the analysis and reasoning of the substantive law is nonetheless relevant and persuasive. Furthermore, *Raines* adopts *Jones*'s reasoning to support its nearly identical holding.

We are also persuaded by *Raines* and *Jones* on the merits of their reasoning. As stated above, the complete definition of "child" includes minor and adult offspring of a parent. To ignore this portion of the definition is untenable. Moreover, it is evident that sexual intercourse between a stepparent and an adult stepchild threatens the family unit, and Howard's arguments to the contrary do not persuade us to depart from this position.

Howard submits two cases from outside of Kentucky that he argues support his contention; however, we do not find them persuasive. Both *Beam v. State*, 1 So. 3d 331 (Fla. Dist. Ct. App. 2009) and *Commonwealth v. Rahim*,

---

[4] Special Judge Miller dissented from *Jones*, saying, "I do not interpret KRS 530.020 as criminalizing sexual relationships between a stepparent and a stepchild over 18 years of age as it does not deprecate the family unit nor implicate hereditary risk. I do not believe the legislature intended the term "stepchild" to apply to a person over 18 years of age." *Id.*

805 N.E.2d 13 (Mass. 2004) interpret state statutes which require sexual relations between individuals related by consanguinity, or blood, for incest to be committed. *See* Fla. Stat. Ann. § 826.04 (West 2006) and Mass. Gen. Laws Ann. ch. 272 § 17 (West 2002). KRS 530.020 requires no such relationship and by its own terms contemplates incest between non-blood relatives, including a parent and a child by adoption, a stepparent and a stepchild, and a step-grandparent and a step-grandchild.[5] KRS 530.020(1). Therefore, because Kentucky's incest statute is wholly different from those of Florida and Massachusetts, the cases interpreting those statutes are distinguishable and not persuasive.

## II. CONCLUSION.

For the reasons stated above, we affirm the trial court's denial of Howard's motion to dismiss and judgment.

All sitting. All concur.

---

[5] Howard argues that this Court should consider *Bradford v. Commonwealth*, 345 S.W.3d 245 (Ky. Ct. App. 2011), wherein the Court of Appeals held that the General Assembly did not intend to extend the reach of KRS 530.020 to the step-grandparent/step-grandchild relationship. We note that this case has been overruled by statute, as the following year the General Assembly amended KRS 530.020(1) to explicitly include the relationship of step-grandparent and step-grandchild. 2012 Ky. Acts ch. 148, § 4 (effective July 12, 2012).

COUNSEL FOR APPELLANT:

Jason Apollo Hart
Department of Public Advocacy


COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General

Jason Bradley Moore
Assistant Attorney General