*In Re:* ESTATE OF LAWRENCE Y. SHERMAN, Deceased, HELEN G. ROSENBAUM v. JOHN CLYDE SPITLER, as Executor of the Estate of Lawrence Y. Sherman, Deceased.

1 So. (2nd) 727
En Banc
Opinion Filed April 18, 1941
Rehearing Denied May 13, 1941

644

*J. A. Scarlett,* for Appellant;

*Hull, Landis & Whitehair, Erskine W. Landis, Thomas T. Cobb* and *Cobb & Cobb,* for Appellee.

BUFORD, J.—Lawrence Y. Sherman domiciled in Florida, died testate in September, 1939. In his will, which was executed on December 8, 1936, he designated John Clyde Spitler, a nonresident, as executor and Helen G. Rosenbaum as alternate executor, in case Spitler failed to qualify. Spitler applied to the Probate Court of Volusia County for, and received, appointment as executor and took over the duties devolving on him as such. He employed for hire Helen G. Rosenbaum to assist him in the winding up of the estate, which was of considerable size, and she rendered all services required of her in that regard.

About six months after the executor had taken charge of the estate, and when the affairs devolving upon the executor had reached the final stages of disposition, Helen G. Rosenbaum filed her petition to have Spitler removed as executor and to have herself appointed as executor. Her petition was based on the sole contention that Spitler was not lawfully eligible to appointment nor qualified to act, as executor because he was at all times a nonresident of the State of Florida under the provisions of Chapter 19671, Acts of 1939, which Act amended Section 83 of Chapter 16103, Acts of 1933.

The amended Acts contain the following:

"Non-Residents.—Any individual who is not a citizen of the United States of America and a resident of the State of Florida may not be appointed in Florida as a personal representative of an estate; provided, however, that the foregoing prohibition shall not apply to any of the following:

"A. Any person who is a citizen of the United States of America and who resides in any part thereof other than the State of Florida and who is an heir at law of any

person who heretofore has died intestate or hereafter dies intestate having his domicile in the State of Florida, and who has the sole interest or an interest in the estate of such decedent which interest is equal to or greater than the interest in such estate of any other heir at law of any such person dying intestate.

"B.   Any person who is a citizen of the United States of America and who resides in any part thereof other than the State of Florida and who is an heir at law and also is a legatee or devisee under the will of any person who heretofore has died testate or hereafter dies testate having his domicile in the State of Florida and who has the sole interest or an interest in the estate of such decedent which interest is equal to or greater than the interest in such estate of any other legatee or devisee under the will of such testator.

"C. ᐧ Any persons who are citizens of the United States of America and reside in any part thereof other than the State of Florida and who, among themselves or together with one or more residents of the State of Florida, own the entire interest in the estate of any person heretofore or hereafter dying intestate having his domicile in the State of Florida, so long as all of said persons owning said entire interest in such estate are appointed and act jointly as personal representatives of such estate.

"D.   Any persons who are citizens of the United States of America and reside in any part thereof other than the State of Florida and who are heirs at law of any person who heretofore has died testate or hereafter dies testate having his domicile in the State of Florida and who also, as legatees or devisees among themselves or together with one or more residents of the State of Florida, own the entire interest in an estate under the will of any such person heretofore or hereafter dying testate having his domicile in the State of Florida, so long as all of said legatees and

devisees owning said entire interest in such estate shall be appointed and act jointly as personal representatives of such estate.

"E.   Any person who is a citizen of the United States of America and resides in any part thereof other than the State of Florida and who is the spouse, father, mother, child, brother, or sister of a decedent heretofore or hereafter dying domiciled in Florida.

"F.   Any person appointed as personal representatives prior to the effective date of this Act."

Spitler did not come within the exceptions and, therefore, it is contended that he must be removed and the petitioner be appointed.

On the other hand, it is contended that the words "appointment" or "appointed" as used in the statute refer to the designation of executor as made in the will and as the will was executed prior to the enactment of the statute the provisions of the statute are not applicable to the appointment here under consideration.

We are unable to concur in the view that the word "appointment" or "appointed" as employed in the title to Chapter 19671, Acts of 1939, and in the first paragraph of amended Section 83 thereof, and in paragraph "F" of Section 83 as amended by Chapter 19671, Acts of 1939, has reference to the appointment or designation made in the will of the testator. But, on the contrary, we are convinced that it applies to the appointment of the personal representative by the county judge as judge of probate, whether the appointment is that of an administrator or executor. The language, "personal representative of an estate" includes both such appointments and the appointment of an administrator may be made only by the county judge or a circuit judge acting in his stead.

The very language of the Act, *supra,* "may not be ap-

pointed in Florida" indicates the correctness of our con-·clusion in this regard because otherwise the designation made by will executed outside the State might be effective while a designation so made by will executed within the State might be ineffectual.

The appointments "as a personal representative of an estate" when made by a probate court of Florida are all appointments made in Florida while designation of persons to be executors under a will may be made either in or out of the State, depending upon where the testator is at the time of the execution of the will.

On the question of constitutional invalidity, it is contended that Chapter 19671 is violative of Section 16, Article III, of the Constitution in that its subject matter is not expressed in the title. It is also contended that the title of the Act does not put one on notice of the contents of paragraph F.

The assault on constitutional grounds arises from the ambiguity in the title as compared with that portion of Section 1 of the Act quoted. It further appears that if the word "not" is supplied in the title immediately preceding the word "residing" that the alleged ambiguity and invalidity will be removed.

Casual reading discloses that failure to use the word "not" in the title as stated throws the body and title of the Act out of harmony or makes an entirely different meaning than would be if inserted.

In Jerome H. Sheip Co., *et al.*, v. Amos, 100 Fla. 863, 130 So. 699, we held that a mere verbal inaccuracy in the title of an Act may be disregarded where the language used is sufficiently broad to apprise the public generally of the purpose of the Act. Many cases might be cited to like effect.

A reading of the Act in question can leave no doubt of its purpose if the word "not" is thus supplied in the title though without it an entirely different meaning is conveyed. A study of the Act convinces us that the word "not" was inadvertently omitted from the title and being so, we find no reason why the Act should not be read with the word "not" supplied, which is so ordered.

We hold, however, the order dismissing the petition should be affirmed because (a) the estate has been practically wound up and settled by the acting executor; (b) the petitioner-appellant has coöperated with, and continuously served, the executor for hire and reward from the time of his appointment in the settling of the affairs of the estate; and (c) the petitioner-appellant has no justiciable interest in the subject matter, and no illegal conduct of the acting executor is claimed.

Therefore, the order of the circuit court affirming the order of the probate court here complained of should be affirmed.

It is so ordered.

BROWN, C. J., WHITFIELD, CHAPMAN, THOMAS and ADAMS, J. J., concur.

TERRELL, J., not participating.