SCHEB, Judge.
The appellant, Max Lander, a creditor of the estate of the late Marie E. Chadwick, seeks review of the lower court’s denial of his petition for removal of the ap-pellee, Donald Busch, as executor of said estate.
The appellee is a grandson of the decedent’s sister and a resident of the State of Illinois. He was named executor under the decedent’s will and letters testamentary were issued to him on June 13, 1973. Since that time appellee has continued to serve as executor.
The appellant petitioned for removal of the appellee on grounds that he lacks the requisite qualifications for a non-resident to serve as a personal representative of the estate of a Florida decedent.
Fla.Stat. § 732.47(1) provides:
A person who is not an actual bona fide resident of the state cannot qualify as a personal representative of an estate in Florida, unless such person is a legally adopted child of the decedent, an adoptive parent or is related by lineal consanguinity to the decedent or is a spouse or a brother, sister, uncle, aunt, nephew or niece of the decedent. However, any person who has qualified in Florida as a personal representative prior to the effective date of this law may continue to serve in such capacity. (Emphasis supplied)
Since the appellee is a non-resident and is not related to the decedent by lineal consanguinity, and since the term “nephew” does not include a “grand neph-. ew” it is apparent he does not possess the requisite statutory qualifications to authorize his appointment as executor.
Although we have not been favored by a brief on behalf of the appellee who is represented by counsel in the lower court, we have examined the contentions and arguments advanced by the appellee before the court below. In Re Sherman’s Estate, 1941, 146 Fla. 643, 1 So.2d 727, was cited to the probate court as authority to decline to remove an executor lacking in statutory qualifications. In Sherman the estate was essentially wound up, the petitioner seeking removal had no justiciable interest in the subject matter and had actually cooperated with the petitioner in the estate administration. Here the appellant is actively litigating claims against the decedent’s estate and the record does not reveal the estate administration is presently being concluded; hence Sherman does not appear applicable to the case sub judice.
The appellant raised a further point concerning denial of a motion for change of venue, however, we find no merit in the argument on this point.
The lower court’s denial of appellant’s petition to remove appellee is reversed and the cause remanded.
BOARDMAN, Acting C. J., and GRIMES, J., concur.