868 So.2d 571 (2004)
Adriaan ANGELUS, Appellant,
v.
Henry I. PASS, Esquire, Appellee.
No. 3D03-1768.
District Court of Appeal of Florida, Third District.
February 11, 2004.
Wolfe & Goldstein, and Pathman Lewis, and Richard Wolfe, Miami, and Marc Pugliese, Coral Gables, for appellant.
*572 Greenberg Traurig, and Elliot H. Scherker, and Marlene K. Silverman, and Barry Rothberg, Miami, and Pamela A. DeBooth, for appellee.
Before GERSTEN, RAMIREZ, and SHEPHERD, JJ.
GERSTEN, J.
Appellant, Adriaan Angelus ("Angelus"), appeals an adverse order denying her petition to remove appellee, Henry Pass ("Pass") from serving as personal representative of the estate of her deceased mother. We reverse.
Angelus's mother passed away on December 25, 2001. Her will nominated Pass, an attorney, as co-personal representative of the estate, and provided that neither personal representative was to receive any fees or commissions. Six days later, Pass filed a petition for administration which admitted that Pass was a nonresident of Florida, but verified under oath that Pass was the decedent's nephew. Relying upon these representations made under oath, the trial court entered an order admitting the will to probate and appointing Pass as co-personal representative. Thereafter, Pass filed a motion to renounce the will's compensation provisions by electing to be compensated for services under Section 733.617, Florida Statutes (2003).
Angelus, who is a resident of New Zealand, filed a motion to strike the letters of administration and a petition for Pass's removal approximately fifteen months later. Angelus, the decedent's only child and one of the residuary legatees, claimed Pass was legally prohibited from serving as personal representative under Section 733.304, Florida Statutes (2003). Section 733.304 provides that a nonresident cannot qualify as personal representative unless the nonresident is a "spouse or a brother, sister, uncle, aunt, nephew, or niece of the decedent, or someone related by lineal consanguinity." § 733.304(3), Fla. Stat. (2003).
Angelus sought to strike the letters of administration on the basis that Pass was a nonresident, did not have a blood relationship to the decedent, and had in fact made misrepresentations to the contrary. Angelus also claimed Pass had several conflicts of interest with the decedent's estate, and sought repayment of the personal representative's fees paid to Pass, as well as repayment of the administrative expenses paid to Pass' counsel.
At the hearing on the motions, Pass admitted he was the blood nephew of the decedent's former husband, and not of the decedent. However, he claimed he did not know of the requirements of Section 733.304, and that the removal petition should be dismissed because it had not been filed within the three-month time period required by Section 733.212, Florida Statutes (2003). Section 733.212 states that: "Any interested person on whom a copy of the notice of administration was served must object to ... the qualifications of the personal representative ... within three months after the date of service... or those objections are forever barred."
The trial court agreed with Pass, and denied Angelus's petition as untimely on the basis no objection had been raised during the statutory three-month time period. The trial court further noted that during the fifteen months Pass had served as personal representative, Pass had at all times acted for the benefit of the estate.
While we agree with the trial court's findings that Pass's services as personal representative did not harm the estate, we disagree with the conclusion that Section 733.212 can be applied to allow a legally unqualified personal representative to escape the requirements of Section 733.304 *573 and Florida Probate Rule 5.310. Florida Probate Rule 5.310 places the burden on the personal representative, as a fiduciary, to provide notice in the event the personal representative is not qualified to serve. See also § 733.3101, Fla. Stat. (2003). Rule 5.310 specifically states:
"Any personal representative who was not qualified to act at the time of the appointment or who would not be qualified for appointment if application for appointment were then made shall immediately file and serve on all interested persons a notice.... The personal representative's notice shall state that any interested person may petition to remove the personal representative."

See Fla. Prob. R. 5.310 (emphasis added).
The trial court erred in denying the motion to strike and petition for removal because Pass was never qualified to serve under Section 733.304. See In re Greenberg's Estate, 390 So.2d 40 (Fla.1980). Pass is expressly prohibited from serving as personal representative because Pass is a nonresident nephew-in-law. See In re Estate of Angeleri, 575 So.2d 794 (Fla. 4th DCA 1991)(nephew is related by collateral consanguinity not linear consanguinity); In re Chadwick's Estate, 309 So.2d 587 (Fla. 2d DCA 1975). Thus under Section 733.304 and Rule 5.310, Angelus, as an interested party, properly petitioned to remove Pass as personal representative.
The three-month statute of limitations period contained in Section 733.212(3) does not apply to bar Angelus's petition because Pass was never legally qualified to serve as personal representative at any time. The legislature has enacted separate and distinct statutes dealing with the commencement of administration, and with the qualifications required of a personal representative. There is no time limit specified by the qualifications statutes. See §§ 733.304, 733.3101, Fla. Stat. (2003). We find no basis to engraft the three-month limitation of the commencing administration statute onto the explicit provisions of the qualifications statute nor upon Rule 5.310, particularly where the applicant was never otherwise legally qualified to serve. See In re Estate of Anderson, 583 So.2d 801 (Fla. 1st DCA 1991); Pontrello v. Estate of Kepler, 528 So.2d 441 (Fla. 2d DCA 1988).
To do so would render Rule 5.310 meaningless and would improperly shift the burden of discovery of an applicant's misrepresentations to the court and interested parties. Such a result would be antithetical to the policy of requiring personal representatives to hold specific qualifications and to be held to the highest standards of honesty and truthfulness. Simply, Section 733.212(3) does not provide the trial court with discretion to allow a legally unqualified person the privilege to serve as personal representative. See In re Estate of Greenberg, 390 So.2d at 40; In re Estate of Montanez, 687 So.2d 943 (Fla. 3d DCA 1997).
Accordingly, we reverse the order below with directions that Pass is to be removed as co-personal representative of the estate. Pass is not entitled to the statutory personal representative fee, but shall receive quantum meruit compensation for his services to the estate.
Reversed and remanded with directions.