WEBSTER, J.
 

 In this probate appeal, appellant seeks review of the trial court’s order denying her motions to disqualify appellee as the personal representative of the decedent’s estate. Appellant asserts that the trial court erred in concluding that appellee was qualified to serve as a nonresident personal representative pursuant to section 733.304(3), Florida Statutes (2007). We do not reach the merits of this claim because we conclude that appellant’s motions to disqualify appellee as personal representative were time barred pursuant to section 733.212(3), Florida Statutes (2007). For that reason, we affirm.
 

 Following the decedent’s death in Florida, appellee, a resident of New York, filed a petition for administration which claimed that he was entitled to be appointed the personal representative of the decedent’s estate because he was the decedent’s stepson and was nominated representative in the decedent’s will. The trial court subsequently appointed appellee as personal representative and admitted the proffered will to probate. Appellee published the notice of administration and served a copy on appellant who was the decedent’s mother. Appellant then filed two motions to have appellee removed as personal representative on the ground he was not qualified to serve as a nonresident personal representative pursuant to section 733.304(3), Florida Statutes (2007), because appellee’s father had predeceased the decedent and was not the decedent’s spouse at the time of her death and, therefore, appellee was not a lineal descendent of a spouse of the decedent. Appellee responded by moving to strike appellant’s motions as untimely because they were not filed within three months after service of the notice of administration as required by section 733.212(3), Florida Statutes (2007). He also asserted that he was qualified to serve as personal representative because section 733.304(3) did not limit service by nonresidents to lineal descendants of a surviving spouse. The trial court denied appellant’s motions to disqualify upon concluding that appellee qualified as a nonresident personal representative pursuant to section 733.304(3). The court also found that appellant’s motions to disqualify were made more than three months after service of the notice of administration, but did not indicate whether this finding was a ground for its ruling. This appeal follows.
 

 Section 733.212, Florida Statutes (2007), provides in pertinent part:
 

 (3) Any interested person on whom a copy of the notice of administration is served must object to ... the qualifications of the personal representative ... by filing a petition or other pleading requesting relief in accordance with the Florida Probate Rules on or before the date that is 3 months after the date of service of a copy of the notice of admin
 
 *923
 
 istration on the objecting person, or those objections are forever barred.
 

 The trial court specifically found that appellant’s motions to disqualify were made more than three months after service of the notice of administration (a finding that appellant does not dispute), but did not indicate whether this finding was a ground for its denial of the motions. In fact, the trial court could not have denied the motions as untimely because such a ruling would have been contrary to binding precedent of the Third District Court of Appeal in
 
 Angelus v. Pass,
 
 868 So.2d 571 (Fla. 3d DCA 2004), which held that the three-month statute of limitations found in section 733.212(3) did not apply to bar a petition to remove the nonresident nephew-in-law of the decedent who misrepresented himself as the decedent’s nephew and was not qualified to serve as personal representative under section 733.304. The Third District explained:
 

 The three-month statute of limitations period contained in Section 733.212(3) does not apply to bar Angelus’s petition because Pass was never legally qualified to serve as personal representative at any time. The legislature has enacted separate and distinct statutes dealing with the commencement of administration, and with the qualifications required of a personal representative. There is no time limit specified by the qualifications statutes.
 
 See
 
 §§ 733.304, 733.3101, Fla. Stat. (2003). We find no basis to engraft the three-month limitation of the commencing administration statute onto the explicit provisions of the qualifications statute nor upon [Florida Probate] Rule 5.310, particularly where the applicant was never otherwise legally qualified to serve.
 
 See In re Estate of Anderson,
 
 583 So.2d 801 (Fla. 1st DCA 1991);
 
 Pontrello v. Estate of Kepler,
 
 528 So.2d 441 (Fla. 2d DCA 1988).
 

 To do so would render Rule 5.130 meaningless and would improperly shift the burden of discovery of an applicant’s misrepresentations to the court and interested parties. Such a result would be antithetical to the policy of requiring personal representatives to hold specific qualifications and to be held to the highest standards of honesty and truthfulness. Simply, Section 733.212(3) does not provide the trial court with discretion to allow a legally unqualified person the privilege to serve as personal representative.
 
 See In re Estate of Green-berg,
 
 390 So.2d at 40;
 
 In re Estate of Montanez,
 
 687 So.2d 943 (Fla. 3d DCA 1997).
 

 Id.
 
 at 573. In the absence of any appellate decision to the contrary, the trial court was required to follow
 
 Angelus. See Pardo v. State,
 
 596 So.2d 665, 666 (Fla.1992) (stating that district court decisions bind all Florida trial courts in the absence of inter-district conflict).
 

 However, we disagree with the sweeping holding in
 
 Angelus
 
 because it effectively renders part of section 733.212(3) meaningless.
 
 See State v. Goode, 830
 
 So.2d 817, 824 (Fla.2002) (“[A] basic rule of statutory construction provides that the Legislature does not intend to enact useless provisions, and courts should avoid readings that would render part of a statute meaningless”). The statute clearly states that interested persons such as appellant “must object to ... the qualifications of the personal representative” within three months of the service of the notice of administration or such an objection is “forever barred.” A claim that a nonresident is not qualified to serve as a personal representative pursuant to section 733.304 is an objection to “the qualifications of the personal representative” and should be subject to the clear and unambiguous provisions of section 733.212(3). Although section 733.212(3) and section 733.304 are found in
 
 *924
 
 separate parts of the Florida Probate Code, statutes which relate to the same or closely related subjects should be construed together.
 
 See Alachua County v. Powers,
 
 351 So.2d 32, 40 (Fla.1977);
 
 Smith v. Crawford,
 
 645 So.2d 513, 522 (Fla. 1st DCA 1994). Contrary to the Third District’s decision in
 
 Angelus,
 
 we find nothing in Florida Probate Rule 5.310 or sections 733.304 and 733.3101, Florida Statutes, which would preclude the application of the three-month statute of limitations period contained in section 733.212(3) to appellant’s claim that appellee was not qualified to serve as a nonresident personal representative pursuant to section 733.304 where the factual basis for the claim was known to appellant and could have been raised within the three-month period. This is not a situation where the factual basis for the claim of disqualification was concealed from appellant or arose after the three-month period had expired. Because appellant’s motions to disqualify appellee as personal representative were time barred under section 733.212(3), we affirm the trial court’s denial of the motions on that basis. We also certify conflict with
 
 Angelus.
 
 In light of this disposition, it is unnecessary for us to decide whether ap-pellee was qualified to serve as a nonresident personal representative pursuant to section 733.304(3).
 

 AFFIRMED.
 

 LEWIS and ROBERTS, JJ., concur.