LABARGA, J.
 

 This case is before the Court for review of the decision of the First District Court of Appeal in
 
 Hill v. Davis,
 
 31 So.3d 921 (Fla. 1st DCA 2010). The district court certified that its decision is in direct conflict with the decision of the Third District Court of Appeal in
 
 Angelus v. Pass,
 
 868 So.2d 571 (Fla. 3d DCA 2004). We have jurisdiction.
 
 See
 
 art. V, § 3(b)(4), Fla. Const.
 

 The issue before us is whether an objection to the qualifications of a personal representative of an estate is barred by the three-month filing deadline set forth in section 733.212(3), Florida Statutes (2007), a provision of the Florida Probate Code, when the objection is not filed within that statutory time frame. For the reasons explained below, we hold that section 733.212(3) bars an objection to the qualifications of a personal representative, including an objection that the personal representative was never qualified to serve, if the objection is not timely filed under this statute, except where fraud, misrepresentation, or misconduct with regard to the qualifications is not apparent on the face of the petition or discovered within the statu
 
 *574
 
 tory time frame. Accordingly, because fraud, misrepresentation, or misconduct was not alleged in relation to the objection to the personal representative in this case, we approve the decision of the First District Court of Appeal in
 
 Hill.
 

 [1]
 

 To the extent that the decision of the Third District in
 
 Angelus
 
 involved allegations of fraud and misrepresentation not revealed in the petition for administration, we approve the result in
 
 Angelus.
 
 However, we disapprove
 
 Angelus
 
 to the extent that it holds section 733.212(3) does not bar objections that a personal representative was never qualified to serve. We turn first to the facts of this case.
 

 FACTS
 

 Following the death of Katherine Davis (the “decedent”) in Florida in 2007, Douglas Davis, a resident of New York, filed a petition for administration asserting that he was entitled to be appointed personal representative of the estate because he was the decedent’s stepson and was nominated as personal representative in the will.
 
 [2]
 
 The trial court admitted the will to probate and appointed Davis as the personal representative. The court granted letters of administration and Davis published the notice of administration on July 13, 2007. A copy of the notice of administration was served on Solveig Edna Hill, the decedent’s mother, on July 24, 2007.
 
 [3]
 
 After filing several motions challenging the validity of the will, Hill filed a motion challenging Davis’s qualifications to serve as a nonresident personal representative on August 6, 2008. In that motion, Hill contended generally that Davis was unqualified to serve as a nonresident personal representative under the requirements in section 733.304(3), Florida Statutes (2007). Section 733.304(3) sets forth certain qualifications for nonresident personal representatives and provides in pertinent part:
 

 733.304 Nonresidents.—
 

 A person who is not domiciled in the state cannot qualify as personal representative unless the person is:
 

 [[Image here]]
 

 (3) A spouse or a brother, sister, uncle, aunt, nephew, or niece of the decedent, or someone related by lineal consanguinity [
 
 4
 
 ] to any such person....
 

 § 733.304(3), Fla. Stat. (2007) (footnote added).
 

 At a hearing held March 9, 2009, the trial court ruled on the record that Davis was qualified to act as a nonresident personal representative, but no written order was entered at that time. Hill subse
 
 *575
 
 quently filed a renewed motion to disqualify Davis as personal representative, alleging that decedent’s husband, John Davis (the father of respondent Davis), was not decedent’s spouse at the time of her death because he had predeceased her, and therefore respondent was not a lineal descended of decedent’s spouse for purposes of section 733.304. A hearing was held on June 8, 2009, at which the trial court again rejected the challenge to Davis’s qualifications as a nonresident personal representative. The court found that Davis, as the son of decedent’s now-deceased spouse, was qualified to be personal representative under the provisions of the nonresident personal representative statute. The circuit court’s written order was entered on July 10, 2009, finding Davis was qualified to serve as personal representative and also finding that Hill’s objection was not filed within the three-month time frame set forth in section 733.212(3). Hill then timely filed her notice of appeal to the First District Court of Appeal.
 

 On appeal, the First District did not reach the merits of the claim that Davis was not qualified under the nonresident personal representative statute, but affirmed the probate court’s denial of Hill’s motion to disqualify Davis, finding that her objection was barred by the three-month time limit in section 733.212(3). This provision states:
 

 (3) Any interested person on whom a copy of the notice of administration is served must object to the validity of the will, the qualifications of the personal representative, the venue, or the jurisdiction of the court by filing a petition or other pleading requesting relief in accordance with the Florida Probate Rules on or before the date that is 3 months after the date of service of a copy of the notice of administration on the objecting person, or those objections are forever barred.
 

 § 733.212(3), Fla. Stat. (2007). The First District then certified conflict with the Third District’s decision in
 
 Angelus v. Pass,
 
 868 So.2d 571 (Fla. 3d DCA 2004), which held that “[t]he three-month statute of limitations period contained in Section 733.212(3) does not apply to bar Angelus’s petition because [the nonresident personal representative] was never legally qualified to serve as personal representative at any time.”
 
 Angelus,
 
 868 So.2d at 573. First, we set forth the standard of review applicable to our analysis.
 

 ANALYSIS
 

 Standard of Review
 

 Because this issue is one of statutory interpretation, review is de novo.
 
 Heart of Adoptions, Inc. v. J.A.,
 
 963 So.2d 189, 194 (Fla.2007). This Court has explained, “Legislative intent guides statutory analysis, and to discern that intent we must look first to the language of the statute and its plain meaning.”
 
 Fla. Dep’t of Children & Family Servs, v. P.E.,
 
 14 So.3d 228, 234 (Fla.2009). In this regard, “legislative intent is determined primarily from the text” of the statute.
 
 Cont’l Cas. Co. v. Ryan Inc. E.,
 
 974 So.2d 368, 374 (Fla.2008). This is because “the statute’s text is the most reliable and authoritative expression of the Legislature’s intent.”
 
 Fla. Farm Bureau Cas. Ins. Co. v. Cox,
 
 967 So.2d 815, 820 (Fla.2007) (quoting
 
 V.K.E. v. State,
 
 934 So.2d 1276, 1286 (Fla. 2006)). Courts are “without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power.”
 
 Holly v. Auld,
 
 450 So.2d 217, 219 (Fla.1984) (emphasis omitted) (quoting
 
 Am. Bankers Life Assur. Co. of Fla. v. Williams,
 
 212 So.2d 777, 778 (Fla. 1st DCA 1968)). “Thus, if
 
 *576
 
 the meaning of the statute is clear then this Court’s task goes no further than applying the plain language of the statute.”
 
 GTC, Inc. v. Edgar,
 
 967 So.2d 781, 785 (Fla.2007). With these principles in mind, we turn to the statute at issue in this case.
 

 Discussion
 

 The conflict issue in this case revolves around the provision in section 733.212(3), Florida Statutes (2007), of the Florida Probate Code setting forth a three-month time limit for filing objections to the qualifications of a personal representative. Hill contends that although her objections to Davis’s qualifications as a nonresident personal representative were filed more than three months after service of the notice of administration, the motions were not untimely because the three-month filing deadline does not preclude a challenge to the qualifications of a personal representative who was never eligible to serve. She argued below that because the decedent’s spouse had predeceased her, the probate court erred in finding that Davis was “a person related by lineal consanguinity to” the decedent’s spouse, as set forth in section 733.304(3). Hill contended that Davis was never qualified to serve as a nonresident personal representative and, for that reason and based on the holding in
 
 Angelus,
 
 her objection to Davis’s qualifications was not barred by section 733.212(3).
 
 [5]
 
 As explained more fully below, we disagree with Hill’s contention that the time limit in section 733.212(3) does not apply to objections that the personal representative was never qualified to serve.
 

 Examination of the text of section 733.212(3) is our first task. Importantly, the text of section 733.212(3) makes no exception for objections that the personal representative was never qualified to serve. The statutory three-month time limit for filing objections, on its face, applies to any objections to the qualifications of a personal representative. Hill contends otherwise and argues that the
 
 Ange-lus
 
 court was correct in holding as follows:
 

 The legislature has enacted separate and distinct statutes dealing with the commencement of administration, and with the qualifications required of a personal representative. There is no time limit specified by the qualifications statutes.
 
 See
 
 §§ 733.304 [the nonresident qualification statute], 733.3101, Fla. Stat. (2003). We find no basis to engraft the three-month limitation of the commencing administration statute onto the explicit provisions of the qualifications statute nor upon Rule 5.310, particularly where the applicant was never otherwise legally qualified to serve.
 

 Angelus,
 
 868 So.2d at 573. The First District in this case took a different view of the time limit set forth in section 733.212(3), and explained:
 

 [W]e disagree with the sweeping holding in
 
 Angelus
 
 because it effectively renders part of section 733.212(3) meaningless. The statute clearly states that interested persons such as appellant “must object to ... the qualifications of the personal representative” within three months of the service of the notice of administration or such an objection is “forever barred.” A claim that a nonresident is not qualified to serve as a personal representative pursuant to section 733.304 is an objection to “the qualifications of the personal representative” and should be subject to the clear and unambiguous
 
 *577
 
 provisions of section 733.212(B).... Contrary to the Third District’s decision in
 
 Angelus,
 
 we find nothing in Florida Probate Rule 5.310 or sections 733.304 and 733.3101, Florida Statutes, which would preclude the application of the three-month statute of limitations period contained in section 733.212(3) to appellant’s claim that appellee was not qualified to serve as a nonresident personal representative pursuant to section 733.304
 
 where the factual basis for the claim was known to appellant and could have been raised within the three-month period.
 

 Hill,
 
 31 So.3d at 923-24 (emphasis supplied) (citation omitted). We agree with the First District’s analysis of the applicability of section 733.212(3) to an objection that a personal representative was never qualified to serve where the factual basis for the claim was known to the challenger and could have been timely raised under the statute. The broad statement in
 
 Ange-lus
 
 that section 733.212(3) does not bar untimely objections to a personal representative who was never eligible to serve is unsupported by the text of section 733.212(3). Further, that broad statement in
 
 Angelus
 
 would improperly engraft upon section 733.212(3) an exception not included there by the Legislature. We have long held that courts are not at liberty to extend, modify, or limit the express and unambiguous terms of a statute.
 
 See, e.g., Holly,
 
 450 So.2d at 219.
 

 The
 
 Angelus
 
 court characterized section 733.304, the nonresident personal representative statute, as a qualification statute standing separate and apart from section 733.212(3), which provides for objections to the qualifications of a personal representative within the three-month time limit set forth there. Section 733.304 does enunciate the requirements for a nonresident personal representative, and it is silent as to any deadline for objecting to such person’s qualifications. This silence, however, does not require or even suggest that the section be interpreted to mean there is no time limit for filing such objections. As the First District concluded, a claim that a nonresident is not qualified to serve is an objection to the qualifications of a personal representative, a matter expressly addressed in section 733.212(3).
 

 This conclusion is buttressed by the fact that both section 733.304, regarding nonresident personal representatives, and section 733.212, which governs the filing of objections, are contained within the Florida Probate Code (chapters 731-735, Florida Statutes). The Florida Probate Code constitutes a unified statutory scheme intended to govern all probate matters— section 731.102, Florida Statutes (2007), expressly states that the probate code “is intended as unified coverage of its subject matter.” § 731.102, Fla. Stat. (2007). This Court has recognized that statutes relating to the same subject matter should be read
 
 in pari materia. See Fla. Dept. of State v. Martin,
 
 916 So.2d 763, 768 (Fla.2005) (“The doctrine of
 
 in pari materia
 
 is a principle of statutory construction that requires that statutes relating to the same subject or object be construed together to harmonize the statutes and to give effect to the Legislature’s intent.”). Where, as here, the Florida Legislature has provided a unified and comprehensive statutory scheme, this Court will “attempt to follow the requirements that it has set forth.”
 
 E.A.R. v. State,
 
 4 So.3d 614, 629 (Fla.2009) (stating as to certain provisions in chapter 985, Florida Statutes, pertaining to juvenile justice, that “the Florida Legislature has provided a comprehensive statutory scheme, and we attempt to follow the requirements that it has set forth”).
 

 Because section 733.212(3) states in a comprehensive fashion when an objection
 
 *578
 
 to the qualifications of a personal representative must be filed, it was unnecessary for the Legislature to state a time deadline in section 733.304 for objecting specifically to the qualifications of a nonresident personal representative. Moreover, there is no indication in section 733.212(3) that the three-month deadline for filing objections applies only to
 
 resident
 
 personal representatives. The First District correctly noted that section 733.212(3) “clearly states that interested persons such as appellant ‘must object to ... the qualifications of the personal representative’ within three months of the service of the notice of administration,” and that “[a] claim that a nonresident is not qualified to serve as a personal representative pursuant to section 733.304 is an objection to ‘the qualifications of the personal representative’ and should be subject to the clear and unambiguous provisions of section 733.212(3).”
 
 Hill,
 
 31 So.3d at 923. We agree. Moreover, as the district court also noted, it is significant that Hill knew at the outset of the administration of the estate that Davis was the son of decedent’s deceased husband. Nothing was concealed or misrepresented, as apparently occurred in
 
 Angelus.
 
 Accordingly, we approve Hill, and hold under the facts of this case that Hill’s objection to Davis’s qualifications to serve as personal representative was not timely filed under section 733.212(3), and is thus barred.
 
 [6]
 

 CONCLUSION
 

 For the reasons expressed above, we approve the decision of the First District in
 
 Hill,
 
 which affirmed the order of the circuit court denying Hill’s motion to disqualify Davis as personal representative, and we remand for further proceedings consistent with this decision. To the extent that Angelus involved fraud or misrepresentation that was not revealed in the petition for administration, we approve of the result in
 
 Angelus.
 
 However, we disapprove Angelus to the extent that it broadly holds that section 733.212(3) does not apply to bar objections that a personal representative was never qualified to serve. Because we approve the decision below affirming denial of Hill’s motion to disqualify Davis as personal representative, Hill’s pending motion for conditional award of appellate attorney’s fees is denied.
 

 It is so ordered.
 

 PARIENTE, LEWIS, QUINCE, and PERRY, JJ., concur.
 

 CANADY, C.J., and POLSTON, J., concur in result.
 

 [1]
 

 . This case does not involve a proceeding filed under probate code sections 733.504, Florida Statutes (2007), and 733.506, Florida Statutes (2007), which provide for an adversary proceeding to remove a personal representative for reasons set forth in section 733.504. Thus, our decision in this case is limited to objections filed pursuant to section 733.212(3).
 

 [2]
 

 . It is undisputed, and the petition made clear, that Davis is the son of decedent’s husband, who died before the decedent, and that Davis was nominated in the decedent’s will to be appointed personal representative of her estate.
 

 [3]
 

 . Although the exact date that Hill was served with the notice of administration is not reflected in the district court’s opinion or in the record, Hill has not disputed that she was served on July 24, 2007. Hill also concedes that she did not file and serve her motion to disqualify Davis within the three-month time frame set forth in section 733.212(3).
 

 [4]
 

 .
 
 Black’s Law Dictionary
 
 defines "lineal consanguinity” as ”[t]he relationship between persons who are directly descended or ascended from one another (for example, mother and daughter, great-grandfather and grandson, etc.).”
 
 Black’s Law Dictionary
 
 322 (8th ed. 2004).
 

 [5]
 

 . The district court did not reach the issue of whether Davis was, in fact, qualified to serve, and Hill did not brief that issue in this Court. Accordingly, our decision is limited to the conflict issue concerning the three-month filing deadline in section 733.212(3).
 

 [6]
 

 . Our holding renders it unnecessary for us to reach Davis’s claim that Hill lacked standing to challenge Davis’s qualifications as personal representative.