**HOCKER et al. v. STEVENS et al.**
**(No. 2306.)**

Court of Civil Appeals of Texas. El Paso.
June 13, 1929.

Rehearing Denied June 20, 1929.

Lea, McGrady, Thomason & Edwards, of El Paso, for appellant.

Harrison, Scott & Rasberry, of El Paso, for appellee.

WALTHALL, J. This suit was brought by appellees, the nephews and nieces of the half blood of R. B. Stevens, deceased, against appellants, the brothers and sisters of the whole blood and of the half blood, and nieces and nephews of the whole blood of said decedent, to have construed that part of the fifth paragraph of the decedent's will reading as follows:

"All the rest and residue of any and all property of which I may die seized and possessed, be the same real, personal or mixed, and of whatsoever kind and character and wheresoever situated, including the other undivided one-half interest in the West half (W. ½) of lot Twenty-four (24) in Block Four (4) according to Anson Mills' map of the City of El Paso, Texas, I give, devise and bequeath to my brothers and sisters and half brothers and sisters then living at the time of my death, and unto my nephews and nieces then living at the time of my death, to each one of them share and share alike absolutely in fee simple"—the petition alleging that appellees were each entitled to a full share in said estate with the appellants under said will, and that appellants were denying such claim, insisting that the nephews and nieces of the half blood do not take anything under said will, and thereby were clouding their title. There is a prayer that said part of the will be construed, and that the cloud be removed from the title of appellees, as such removal of the cloud is necessary before a partition of said estate can be had, etc. A copy of the said will was attached to, and made a part of, the petition. Appellants demurred in the petition, but admitted the facts alleged. The trial court overruled the demurrer, and entered judgment for appellees as prayed for, from which judgment appellants have perfected this appeal.

Opinion.

Appellants, by their several assignments, submit, in effect, that the trial court erred in overruling their demurrer and rendering judgment construing the will in question to mean that the nephews and nieces of the half blood would take under the will.

Appellants make the contention that the testator, by the above clause in his will, having designated his brothers and sisters, and brothers and sisters of the half blood, and his nephews and nieces, shows an intention upon his part to discriminate between relatives of the half blood and relatives of the whole blood, and that the nephews and nieces of the half blood would not take along with those of the whole blood, which otherwise would have been the case, but for such distinction made by the language employed.

The only question presented in this appeal is this: Do the appellees, nephews and nieces of the half blood, take under the will?

The courts in other states are not uniform in their holdings on the question presented.

We think we need not discuss the cases elsewhere, nor the theories upon which they base their holdings, since our own courts have expressed opinions holding that, where the testator refers to the beneficiaries collectively as brothers and sisters, and nephews and nieces, without designating them individually, those of the half blood would be included. In Watkins v. Blount, 43 Tex. Civ. App. 460, 94

S. W. 1116, the will under consideration provided:

"I do hereby devise and bequeath, after the payment of my debts, to my dear brothers and sisters equally, share and share alike, all my estate," etc.

At the time of making the will, the testator had living two brothers and two sisters of the whole blood and two brothers of the half blood. At the time of his death the testator left surviving him two brothers and one sister of the whole blood and two brothers of the half blood. One of the questions presented in that case was: "Can the brothers of the half blood be numbered among the devisees?"

Judge Gill of the Galveston Court answered the question in the affirmative saying: "The word 'brothers' includes brothers of the half blood. 4 Ency. of Law, p. 990; 2 Redfield on Wills, p. 30."

In Hagood v. Hagood (Tex. Civ. App.) 186 S. W. 220, 225, Judge Conner of the Fort Worth court, refers to Watkins v. Blount with approval in discussing one phase of that case, that is, a devise to "a class" and "gifts to a class," as contradistinguished from a devise or gift to individuals specifically named. A "class" as used in the law of wills "is where several persons answering the same description sustain the same relation to the legacy so that one word describes them all," such as "children," "grand-children," "nephews," "brothers," or "sisters," without naming or otherwise specifically designating them. 1 Words and Phrases, Second Series, page 732, gives definitions of "a class" and "a gift to a class" to which we refer, but for brevity, we omit quoting. Under the above cases, and many others we have examined, it is held that a devise in a will to nephews and nieces as a class, not naming them, embraces all of that class who are living at the time of the death of the testator, and without regard as to whether they are of the whole blood or half blood.

We have referred to the above cases for the purpose only as showing the generally accepted rule.

The point made by appellants, however, is that, the testator having designated his brothers and sisters of the half blood, and not having designated his nephews and nieces of the half blood, shows an intention upon his part to discriminate against the nephews and nieces of the half blood. Appellants refer us to. Greer v. Greer, 138 S. C. 475, 136 S. E. 742, a South Carolina case, as sustaining their contention. In that case the pertinent part of a paragraph of the will reads as follows:

"I give, devise and bequeath, after the payment of the above legacies, all the rest and residue of my property to my nephews and nieces and my half-sisters, Mrs. Lizzie Cobb and Mrs. E. P. Satterfield, each of my nephews and nieces and half-sisters taking an equal share."

The decree then proceeded: "It was stated in argument and admitted, that the only nephews and nieces of the half blood which testator had are the children of the two half-sisters, viz: Mrs. Lizzie Cobb and Mrs. E. P. Satterfield. It was the clear intent of the testator by this provision of his will to put his nephews and nieces on equality with his half-sisters; this purpose would be defeated if the children of these half-sisters were allowed to come in and share with them and the nephews and nieces of the whole blood."

The decree then makes reference to a statute of that state for the distribution of intestate estates in that state which the decree states does not recognize the claim of kindred of the half blood as long as there are any of the whole blood, who can take, and the reference to the statute, it is said, is used to show the relative standing in law of the various parties. The decree then says:

"The use of the words, 'my half-sisters,' seems to indicate the intention of the testator that the residuum of his estate should be equally divided among his nephews and nieces of the whole blood and his two half-sisters, each taking an equal share. If the children of these two half-sisters are let in it would upset the testator's plan of distribution. The terms nephews and nieces ordinarily include those of the half blood unless there is something in the context of the instrument to show a contrary intention. The testator uses the words, 'my half-sisters.' If he intended that nephews and nieces of the half blood should take, it seems that he would have said so in this connection and while his mind was fixed on this difference of relationship."

The case is fairly in point, if not affected by the statute of that state referred to in the decree. But we are not prepared to concur in the conclusion reached as stating a rule of general application, as we do not think the reasoning upon which the conclusion is based is sound, that is, "that if he (the testator) intended that nephews and nieces of the half blood should take, it seems that he would have said so in this connection and while his mind was fixed on this difference of relationship." Could not the same be said in all instances where there are half-blood nephews and nieces, and half-blood brothers and sisters, and thus defeat the rule admitted to be the law in the opinion that, "the terms nephews and nieces ordinarily include those of the half blood." The reason for the conclusion reached that the nephews and nieces of the two half-sisters did not take because the testator, had it been his intention that they should do so, must so say in his will, if generally applied, there would seem to be no rule. The opinion refers to no case expressing a similar view, and we have found none.

844

We are not willing to follow the case as having general application. In the case at bar, the testator by express provision terms in his will makes his bequest extend "unto my nephews and nieces then living at the time of my death, to each one of them share and share alike."

We have concluded that the trial court properly construed the paragraph in the will.

The case is affirmed.