FREDERICK, EXR., APPELLEE, *v.* HOFFMAN ET AL., APPELLEES; BLACKMAN ET AL., APPELLANTS.

[Cite as Frederick v. Hoffman, 7 Ohio App. 2d 27.]

(No. 1685—Decided July 6, 1966.)

*Mr. Dan K. Cook* for defendant appellees.
*Messrs. Mikus & Bransztet* for defendant appellants.

HUNSICKER, J. This is an appeal on questions of law from a judgment entered by the Probate Court of Lorain County.

Delmont D. Grimm of that county died on April 17, 1963, leaving no spouse or children surviving. His will disposes of his estate, with the exception of a few small bequests, to his nieces and nephews.

Item IV of the will reads as follows:

"All the rest, residue and remainder of my estate, real and personal, of every kind and description, wheresoever situate, which I may own or have the right to dispose of at the time of my decease, I give, bequeath and devise to my nieces and nephews, per stirpes, absolutely and in fee simple.

"In the event that any of my nieces and nephews predecease me, in such event their children shall take among them the share which their parent would have taken."

One of the nieces of the testator's deceased wife demanded, in writing, under Section 2107.46, Revised Code, that the executor bring an action to construe the will. In response to such written demand, this action was begun in the Probate Court to

determine whether nieces and nephews by affinity were included within the phrase "my nieces and nephews." The nieces and nephews of the deceased by blood relationship claimed to be the true heirs, while the nieces and nephews of the deceased wife claimed that they, too, were included within the phrase "my nieces and nephews."

The Probate Court determined, after trial, that the nieces and nephews and grandnieces and grandnephews by blood relationship were the only ones intended to inherit under the will of the deceased. From the order so entered, an appeal has been brought to this court by the nieces and nephews of the deceased wife, who say that:

"1. The decision of the trial court was made contrary to law in that the trial court did not determine the intent of the testator in the manner required by law.

"2. The decision of the trial court was contrary to the manifest weight of the evidence.

"3. The trial court committed prejudicial error in refusing to admit into evidence the exhibits and testimony of witnesses introduced by defendant-appellant."

The rules of construction as applied to wills are so well known as to require no extensive citation of authority. The cardinal rule is to determine and carry out the intention of the testator.

In the case of *Lane v. Lane*, 116 Ohio App. 100, the court said:

"1. In the construction of a will to determine the intention of the testator, no rules of construction need be applied where the language of the testator is unambiguous.

"2. In the construction of a will, the intention of the testator is to be determined from the whole will, giving consideration not only to what the testator said, but also what he has forborne to say."

In the instant case, the testator used the possessive pronoun "my" to describe those to whom he wished his estate to be given. There is no ambiguity in such a word, nor in the phrase "my nieces and nephews."

In the case of *Everhard v. Brown*, 75 Ohio App. 451, decided by this court, Judge Doyle, speaking for the court, said:

"4. A testator is presumed to use words in their ordinary

and primary sense and meaning; and in the absence of a clearly expressed intention, the use of the words 'nephew,' 'niece,' 'grandnephew' and 'grandniece,' in creating a class of persons to inherit, should be construed to include only those persons who come within that degree of kinship.''

Although there are no reported Ohio cases with a similar factual situation as is presented to us here, the general rule is found in the text and the authorities cited in 57 American Jurisprudence 925, ''Wills,'' Section 1390. It is there said ''the general rule is that the testator must be presumed to have used words in his will in their ordinary or primary sense and meaning. 'Niece' and 'nephew' in their primary and ordinary sense *mean the immediate descendants of the brothers and sisters of the person named,* and do not include grandnieces and grandnephews, and such construction will be given to them when used in a will unless it clearly appears from the context that a different meaning was intended by the testator.'' (Emphasis ours.) See, also, 95 Corpus Juris Secundum 987, ''Wills,'' Section 667.

In the case of *Caldwell* v. *Tax Commission*, 52 Ohio App. 124, under the inheritance tax statute, the term ''niece'' or ''nephew'' was held to be those of that relation by consanguinity only.

We therefore conclude that when the testator used the phrase ''my nieces and nephews'' in his will he meant the children of his brothers and sisters and not the nieces and nephews of the testator's prior deceased spouse.

We have examined all the claims of error and find none prejudicial to the substantial rights of the appellants. The judgment of the Probate Court must be affirmed.

*Judgment affirmed.*

DOYLE, P. J., and BRENNEMAN, J., concur.