Mary Wells BUSBY, Verna G. Wells, Audrey Wells Cox, Mardell Wells Odom, Alice Lee Wells Mills and Aileen Wells Odom, Appellants,

v.

Alfred W. GRAY, Trustee Under the Will of Ed M. Wells, Deceased, and Trustee Under the Will of Julia C. Wells, Deceased, Appellee.

No. 16529.

Court of Civil Appeals of Texas, San Antonio.

March 18, 1981.

Rehearing Denied April 15, 1981.

Philip E. Hamner, San Antonio, for appellants.

James E. Aderhold, Jed Maebius, Jr., Clarence R. Boatwright, Morriss, Boatwright & Lewis, San Antonio, for appellee.

## OPINION

ESQUIVEL, Justice.

This is a will construction case. The sole issue is whether the term "children," as used by Ed M. Wells in Bequest No. 9 of his will, was intended to encompass individuals beyond the first degree of descendancy. The trial court held that the term "children" was intended by Ed M. Wells to be restricted to the first degree of descendancy. As a consequence, the trial court excluded evidence pertaining to the affectionate relationship between appellants and decedent Ed Wells. We affirm the judgment of the trial court.

Ed M. Wells and Julia L. Wells were married on March 29, 1929. Following his death on March 28, 1958, Ed Well's Last Will and Testament was probated on May 5, 1958, in Atascosa County, Texas. Julia Wells subsequently died on January 29, 1976. Her Last Will and Testament was probated in Atascosa County on February 23, 1976. In her will, Julia Wells incorporated that portion of her husband's will which is the subject of this appeal. Specifically, Julia Wells provided that her residuary estate be added to the trust created under her husband's will.

Article VIII of the Last Will and Testament of Ed M. Wells states:

### Art. VIII.

I give, devise and bequeath all the rest, residue and remainder of my property, real, personal or mixed, of every kind and character, including lapsed and void legacies or devises, to Alfred W. Gray and Milton R. McDonald, Trustees, in trust, never-the-less, to be managed, utilized and expended by them as follows:

The Trustees shall pay to my wife, Julia L. Wells, the annual net income from the Trust Estate in reasonable installments not less frequently than quarterly, or shall use, pay and expend the same for her use, benefit and support, comfort and maintenance as long as she may live. Whenever the Trustees determine that the income of my wife, from all sources known to the Trustees, is insufficient for her reasonable support, comfort and maintenance, the Trustees shall pay or use for her benefit so much of the principal of the Trust Estate as the Trustees determine to be required for those purposes.

After the death of my wife, Julia L. Wells, the net annual income from my estate is to be divided into Nine (9) equal parts and distributed and paid to the following:

1. To the then living children of Walter G. Wells.

2. To Rushia Bush or her then living children.

3. To Ruby Gray or her then living children.

4. To Martha McDonald.

5. To Thomas McDonald or his then living children.

6. To A. L. McDonald or his then living children.

7. To Ella Mulcahy or her then living children.

8. To Hettie Watts or her then living children.

9. To the children of Josephine McCain and the children of Sid Wells, my half sister and my half brother.

After Jan. 1, 1958 no child or children adopted by any of the beneficiaries of my estate will be permitted to share in the distribution of estate either the income or corpus of the estate.

Article IV of the Last Will and Testament of Julia L. Wells states:

### Art. IV

It is my desire that all of the residue and remainder of my property, real, personal and mixed, of every kind and character, shall be added to the trust provided for in the will of my husband, Ed M. Wells, heretofore probated in Cause No. 2157 in the Probate Court of Atascosa County, Texas, and I therefore hereby give, devise and bequeath to Alfred W. Gray and Milton R. McDonald, in trust, all the remainder of my property, real, personal and mixed, and hereby adopt, as though written here, all of the third and last paragraph of Article VIII, and all of Articles IX, X, XI, XII, and XIII of my husband, Ed M. Wells, will. The income from my estate in this trust shall be distributed in the same manner and proportions as the income from the trust set up in my husband's will. Upon the termination of the trust twenty years after my death, my property shall go to the same beneficiaries provided for in the trust provisions of my husband's will, as though it were being left under his will.

Appellee Alfred Gray, trustee under both wills, brought suit originally for the purpose of construing the wills and of establishing the beneficiaries under the wills. In May, 1979, the trial court construed the will in its entirety and held that the appellants were not included in the will. Appellants, six of Sid Wells's grandchildren, filed a motion for new trial which was granted for the sole purpose of interpreting and construing Bequest No. 9 of Article VIII.[1]

Appellants maintained in the second trial that (1) the word "children" in Bequest No. 9 was used by the testator in the broader sense of the meaning of issue or descendants: i. e., to include grandchildren, and (2) if "children" could encompass second degree or more remote descendants, then the trial court improperly excluded evidence of the affectionate relationship between the testator, Ed Wells, and themselves.

The trial court held in the second trial that the identifiable class of legatees under Bequest No. 9 was limited to the first degree descendants of Sid Wells,[2] as well as the first degree descendants of Josephine McCain, who were alive on the date of Ed Wells's death.

The appellants assert, again on appeal, that the trial court erroneously excluded evidence of the affectionate relationship between Ed Wells and themselves. Appellants also contend that the term "children," as applied in Bequest No. 9, was intended to include second degree descendants of Sid Wells, namely, themselves. Thus the precise question we are presented with on appeal is: when the word "children" is used in a will, does the word mean descendents of the first degree only or does it include grandchildren or more remote descendants?

We conclude that the word "children" signifies only those descendants of the first degree. As applied specifically to Bequest No. 9, we hold that the intended beneficiaries of Ed Wells's legacy were only those descendants of the first degree of Sid Wells and Josephine McCain.

The cardinal rule of construction of a will is to seek and enforce the intention of the testator. *Philleo v. Holliday*, 24 Tex. 38, 41 (1859); *Sellers v. Powers*, 426 S.W.2d 533, 536 (Tex.1968).

---

1. It should be noted that only six of the eight grandchildren of Sid Wells requested the new trial and appealed their cause to this court.

2. Sid Wells died in 1934, twenty-four years before Ed Wells executed his will. John Wells, the father of the appellants, was one of the children of Sid Wells. John Wells died in 1948.

In *Huffman v. Huffman*, 161 Tex. 267, 339 S.W.2d 885 (Tex.1960), the Texas Supreme Court stated: "[T]he duty of the Court is to construe the will from the words used therein ... [and] ... [t]he intent must be drawn from the will, not the will from the intent." 161 Tex. at 270, 339 S.W.2d at 888.

Further, the intent of the testator is to be gleaned from the provisions of the entire instrument and not just from isolated portions of it. *Morris v. Finkelstein*, 442 S.W.2d 452, 455 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n. r. e.).

Nowhere in Ed Wells's will do we find any evidence that it was his intent to include grandchildren or more remote descendants. In fact, there are ten references to the "children" of specifically named beneficiaries in Article VIII and *no* references to grandchildren.

Even though Sid Wells's son, John, predeceased the testator by almost ten years, the testator, Ed Wells, made no effort to include the appellants as specific beneficiaries under the will. Additionally, Julia Wells did not seek to devise her residuary estate in a manner which would include specifically the appellants. In fact, although nearly eighteen years elapsed following the death of her husband, Julia Wells chose to incorporate *verbatim* Bequest No. 9.

A careful review of the will reveals an intention by the testator to provide a general scheme of disposition of his residual estate. The general scheme does not include the appellants or any other grandchildren. Therefore, it is our duty to implements the testator's intent.

The law in Texas is well-settled. When the word "children" is used in a will, absent a clear and unequivocal intent to encompass more remote descendants, the word is restricted to those descendants of the first degree. *Briggs v. Peebles*, 144 Tex. 47, 53, 188 S.W.2d 147, 150 (Tex.1945); *Bartlett v. Terrell*, 292 S.W. 273, 277–78 (Tex.Civ.App. —San Antonio 1927, writ ref'd).

We conclude that when the applicable rules of construction are applied to the language of Ed M. Wells's will and the portion incorporated by Julia L. Wells, the judgment of the trial court must stand.

The judgment of the trial court is affirmed.