

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00351-CV

## IN RE THE ESTATE OF GLORIA ANN REISTINO, DECEASED

**From the 82nd District Court
Robertson County, Texas
Trial Court No. 78-10-11,729-CV**

## OPINION

Appellants contend in their sole issue that the trial court erroneously construed the last will and testament of Gloria Ann Reistino's father Tony C. Reistino to establish a testamentary trust which included as remainder beneficiaries the children of Tony's nieces and nephews who predeceased Gloria. We will reverse and render.

The parties' dispute centers on the construction of the following provision in Tony Reistino's will:

> This trust shall continue until the death of my daughter, Gloria Ann Reistino, at which time this Trust shall end and terminate, and I direct that the balance of the fund of this Trust then on hand, if any, shall then vest in those of my nieces and nephews who shall be living on the date of the death of my said daughter, per capita, in fee simple, forever, the same to be distributed and delivered to them each by my said Trustee.

Gloria was Tony's only child. He had eight brothers and sisters who all predeceased Gloria. He had nineteen nieces and nephews, three of whom predeceased Gloria. One of these, Louis Scarpinato, had no children. One of them, Joe Reistino, Jr., is survived by two daughters, Maria and Malissa. And the third, Gathan Reistino,[1] is survived by a daughter, Misty Lynn Kelly. The parties dispute whether Maria, Malissa and Misty are entitled to their parents' shares of the trust.

Appellants are: (1) John, Frank and Carl Reistino and Mary Luster, who are the children of Tony's brother Phil; and (2) Joe and Tony Baimonte, who are the sons of Tony's sister Mary. Appellees are: (1) Gathan Reistino and Frances Corpora, who are the surviving children of Tony's brother Joe; (2) Joyce Walden, Guardian of the Estates of Maria L. and Malissa Reistino, who are the daughters of Tony's nephew Joe; (3) Geneva Herbst, Louise Mathis and Josephine Skains, who are the surviving children of Tony's brother Sam; (4) Misty Lynn Kelly, who is the daughter of Tony's nephew Gathan; (5) Robert Reistino, who is the sole child of Tony's brother Frank; (6) Rose Mary Mayes, who is the daughter of Tony's sister Mary;[2] (7) Marjorie Price, who is the daughter of Tony's brother Johnny; and (8) Frances Smith and Debbie Nigliazzo, who are the daughters of Tony's sister Josephine.

In construing a will, our focus is on the testator's intent. *San Antonio Area Found. v. Lang*, 35 S.W.3d 636, 639 (Tex. 2000); *In re Ray Ellison Grandchildren Trust*, 261 S.W.3d

---

[1] Misty's father Gathan was the son of Tony's brother Sam. Tony's brother Joe also has a son named Gathan who is one of the appellees.

[2] Rose Mary Mayes is on the opposite side of this dispute from her brothers Joe and Tony Baimonte.

111, 117 (Tex. App.—San Antonio 2008, pet. denied). This intent must be ascertained from the language found within the four corners of the will. *Id.* We focus not on what the testator intended to write but on the meaning of the words actually used. *Id.* "If the will is unambiguous, a court should not go beyond specific terms in search of the [testator's] intent." *Lang*, 35 S.W.3d at 639; *accord Ellison Trust*, 261 S.W.3d at 117.

Appellees cite *Lang* for the proposition that "a 'court *may always* receive and consider evidence concerning the situation of the testator, the circumstances existing when the will was executed, and other material facts that will enable the court to place itself in the testator's position at the time.'" 35 S.W.3d at 639 (quoting *Stewart v. Selder*, 473 S.W.2d 3, 7 (Tex. 1971)). However, Appellees neglect to mention the very next sentence in *Lang* where the Court added, "But this broad approach to the admissibility of extrinsic evidence applies only when a term is open to more than one construction." *Id.* Thus, extrinsic evidence is admissible only when a term used in a will is ambiguous. *See In re Estate of Tyner*, 292 S.W.3d 179, 182 (Tex. App.—Tyler 2009, no pet.); *Ellison Trust*, 261 S.W.3d at 117-18; *In re Estate of Bean*, 206 S.W.3d 749, 762 (Tex. App.—Texarkana 2006, pet. denied).

Here, the parties dispute whether the term "my nieces and nephews" includes Tony's grandnieces. Citing *Martin v. Palmer*, 1 S.W.3d 875 (Tex. App.—Houston [1st Dist.] 1999, pet. denied), Appellees contend, "Texas courts hold that the phrase 'my nieces and nephews' does not have such a clear, definite, and technical meaning that it is susceptible of only one legal interpretation in every will construction case." However, merely because the phrase "nieces and nephews" may be ambiguous in some

cases does not inexorably lead to the conclusion that the phrase is ambiguous in every case.

*Martin* is one of only two Texas cases our research has disclosed addressing the relational term "nieces and nephews" in construing a testator's intent. In *Martin*, the testator bequeathed his entire estate to "my nieces and nephews." *Martin*, 1 S.W.3d at 877. The parties disputed whether the testator's nieces and nephews included those related to him by blood as well as those who were the children of his wife's brothers and sisters. *Id.* at 877-78. The First Court held that the term was ambiguous under the circumstances and concluded in this summary-judgment case that genuine issues of material fact remained on the question of whether the term included the testator's nieces and nephews by blood as well as those by marriage. *Id.* at 880-82.

> We find no Texas authority supporting the appellees' position that the phrase "my nieces and nephews" has been given such a clear, definite, and technical meaning that *in every case* and, *regardless of circumstances*, it must conclusively be construed as meaning only the nieces and nephews of the testator and not those of the testator's spouse. Applying the rules of will construction established by the courts of this state, we conclude that the phrase "my nieces and nephews" does not have such a clear, definite, and technical meaning that it is susceptible of only one legal interpretation *in every will construction case*.

*Id.* at 880-81.

The other Texas case our research has disclosed on this issue is *Hocker v. Stevens*, 18 S.W.2d 842 (Tex. Civ. App.—El Paso 1929, writ ref'd). In *Hocker*, the court construed a devise to "my brothers and sisters and half brothers and sisters then living at the time of my death, and unto my nephews and nieces then living at the time of my death, to each one of them share and share alike absolutely in fee simple." *Id.* at 842. The dispute

was whether this included nephews and nieces of the whole blood as well as those of the half blood, particularly in view of the manner in which the testator specified the inclusion of "half brothers and sisters." *Id.* The court noted that this was a class gift to the nephews and nieces and held that such a devise "embraces all of that class who are living at the time of the death of the testator, and without regard as to whether they are of the whole blood or half blood." *Id.* at 843. As in *Martin*, however, the asserted ambiguity in *Hocker* concerned the children of siblings or half-siblings and not their grandchildren.

The term "nieces and nephews" is not ambiguous on its face. *See* MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 779, 783-84 (10th ed. 1993) (defining nephew as "a son of one's brother or sister or of one's brother-in-law or sister-in-law" and similarly defining niece as "a daughter of one's brother, sister, brother-in-law, or sister-in-law"); *accord* BLACK'S LAW DICTIONARY 1138, 1143 (9th ed. 2009) (defining nephew as "[t]he son of a person's brother or sister; sometimes understood to include the son of a person's brother-in-law or sister-in-law" and similarly defining niece).[3]

This case does not involve a dispute between Tony's nieces and nephews and the nieces and nephews of his wife who predeceased him. *Cf. Martin*, 1 S.W.3d at 877. Nor does this case involve a dispute between Tony's nieces and nephews and any nieces and nephews of a previous marriage or other relationship. *Cf. Hocker*, 18 S.W.2d at 842.

---

[3]     The editors of *Black's Law Dictionary* do add that these terms are "extended in some wills to include [grandnephews and grandnieces]." BLACK'S LAW DICTIONARY 1138, 1143 (9th ed. 2009). However, our research has not disclosed a single Texas decision in which these terms were extended to include grandnephews and grandnieces.

Rather, we hold that the rule in this case should be the same as applies when determining whether a devise to "children" includes grandchildren. "The law in Texas is well-settled. When the word 'children' is used in a will, absent a clear and unequivocal intent to encompass more remote descendants, the word is restricted to those descendants of the first degree." *Busby v. Gray*, 616 S.W.2d 284, 287 (Tex. Civ. App.—San Antonio 1981, writ ref'd n.r.e.); *see Briggs v. Peebles*, 144 Tex. 47, 188 S.W.2d 147, 150 (1945); *Bartlett v. Terrell*, 292 S.W. 273, 277-78 (Tex. Civ. App.—San Antonio 1927, writ ref'd).

Applying this rule to "nieces and nephews" is consistent with how other states have addressed this issue.

> The word, "children" has been held to include grandchildren and the words, "nephews" and "nieces" have been held to refer to grand-nephews and grand-nieces, but I think it is safe to say that such construction is never adopted in the absence of clear evidence of intention obtained from the language of the will.

*Bank of N.Y. v. Shillito*, 14 N.Y.S.2d 458, 461 (N.Y. Sup. Ct. 1939).

> "'Niece' and 'nephew' in their primary and ordinary sense mean the immediate descendants of the brothers and sisters of the person named, and do not include grandnieces and grandnephews, and such construction will be given to them when used in a will unless it clearly appears from the context that a different meaning was intended by testator."

*Frederick v. Hoffman*, 7 Ohio App. 2d 27, 218 N.E.2d 478, 479-80 (Ohio Ct. App. 1966) (quoting 57 AM. JUR. *Wills* § 1390 (1948)).

Tony's will does not express "a clear and unequivocal intent" to include grandnieces and grandnephews as remainder beneficiaries. *See Briggs*, 188 S.W.2d at

150; *Busby*, 616 S.W.2d at 287; *Bartlett*, 292 S.W. at 277-78. Therefore, the trial court erred when it construed the will to include Maria, Marissa and Misty as remainder beneficiaries. Appellants' sole issue is sustained.

We reverse the judgment and render judgment that the sixteen surviving children of Tony's brothers and sisters are the remainder beneficiaries of the testamentary trust created by his will.[4] Each of these remainder beneficiaries is entitled to a distribution of 1/16 of the funds held by the trust.


                 FELIPE REYNA
                 Justice

Before Chief Justice Gray,
       Justice Reyna, and
       Justice Davis
       (Chief Justice Gray concurring)
Reversed and rendered
Opinion delivered and filed December 1, 2010
[CV06]

---

[4] The sixteen surviving children are: Gathan Reistino, Frances Corpora, Geneva Herbst, Louise Mathis, Josephine Skains, Robert Reistino, Johnny Reistino, Mary Louise Luster, Frank Reistino, Carl Reistino, Joe Baimonte, Tony Baimonte, Rose Mary Mayes, Marjorie Price, Frances Smith, and Debbie Nigliazzo.