IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00351-CV

 

In
re THE Estate of Gloria Ann Reistino, DECEASED

 

 

 

 



From the 82nd District
Court

Robertson County, Texas

Trial Court No. 78-10-11,729-CV

 



OpinioN



 








            Appellants contend in their
sole issue that the trial court erroneously construed the last will and
testament of Gloria Ann Reistino’s father Tony C. Reistino to establish a
testamentary trust which included as remainder beneficiaries the children of
Tony’s nieces and nephews who predeceased Gloria.  We will reverse and render.

            The parties’ dispute centers
on the construction of the following provision in Tony Reistino’s will:

            This trust shall continue
until the death of my daughter, Gloria Ann Reistino, at which time this Trust
shall end and terminate, and I direct that the balance of the fund of this
Trust then on hand, if any, shall then vest in those of my nieces and nephews
who shall be living on the date of the death of my said daughter, per capita,
in fee simple, forever, the same to be distributed and delivered to them each
by my said Trustee.

Gloria was Tony’s only child.  He had
eight brothers and sisters who all predeceased Gloria.  He had nineteen nieces
and nephews, three of whom predeceased Gloria.  One of these, Louis Scarpinato,
had no children.  One of them, Joe Reistino, Jr., is survived by two daughters,
Maria and Malissa. And the third, Gathan Reistino,[1]
is survived by a daughter, Misty Lynn Kelly.  The parties dispute whether
Maria, Malissa and Misty are entitled to their parents’ shares of the trust.

            Appellants are: (1) John,
Frank and Carl Reistino and Mary Luster, who are the children of Tony’s brother
Phil; and (2) Joe and Tony Baimonte, who are the sons of Tony’s sister Mary. 
Appellees are: (1) Gathan Reistino and Frances Corpora, who are the surviving
children of Tony’s brother Joe; (2) Joyce Walden, Guardian of the Estates of
Maria L. and Malissa Reistino, who are the daughters of Tony’s nephew Joe; (3)
Geneva Herbst, Louise Mathis and Josephine Skains, who are the surviving children
of Tony’s brother Sam; (4) Misty Lynn Kelly, who is the daughter of Tony’s
nephew Gathan; (5) Robert Reistino, who is the sole child of Tony’s brother
Frank; (6) Rose Mary Mayes, who is the daughter of Tony’s sister Mary;[2]
(7) Marjorie Price, who is the daughter of Tony’s brother Johnny; and (8)
Frances Smith and Debbie Nigliazzo, who are the daughters of Tony’s sister
Josephine.

            In construing a will, our
focus is on the testator’s intent.  San Antonio Area Found. v. Lang, 35
S.W.3d 636, 639 (Tex. 2000); In re Ray Ellison Grandchildren Trust, 261
S.W.3d 111, 117 (Tex.
App.—San Antonio 2008, pet.
denied).  This intent must be ascertained from the language found within the
four corners of the will.  Id.  We focus not on what the testator
intended to write but on the meaning of the words actually used.  Id.  “If the will is unambiguous, a court should not go beyond
specific terms in search of the [testator’s] intent.”  Lang, 35 S.W.3d at 639; accord Ellison Trust, 261 S.W.3d at 117.

            Appellees cite Lang for
the proposition that “a ‘court may always receive and consider evidence
concerning the situation of the testator, the circumstances existing when the
will was executed, and other material facts that will enable the court to place
itself in the testator’s position at the time.’”  35 S.W.3d at 639 (quoting Stewart
v. Selder, 473 S.W.2d 3, 7
(Tex. 1971)).  However,
Appellees neglect to mention the very next sentence in Lang where the
Court added, “But this broad approach to the admissibility of extrinsic evidence
applies only when a term is open to more than one construction.”  Id.  Thus, extrinsic evidence is admissible only when a term
used in a will is ambiguous.  See In re Estate of Tyner, 292
S.W.3d 179, 182 (Tex. App.—Tyler 2009, no pet.); Ellison Trust, 261
S.W.3d at 117-18; In re Estate of Bean, 206 S.W.3d 749, 762 (Tex.
App.—Texarkana 2006, pet. denied).

            Here, the parties dispute
whether the term “my nieces and nephews” includes Tony’s grandnieces.  Citing Martin
v. Palmer, 1 S.W.3d 875 (Tex. App.—Houston [1st Dist.] 1999, pet. denied), Appellees
contend, “Texas courts hold that the phrase ‘my nieces and nephews’ does not
have such a clear, definite, and technical meaning that it is susceptible of
only one legal interpretation in every will construction case.”  However, merely
because the phrase “nieces and nephews” may be ambiguous in some cases does not
inexorably lead to the conclusion that the phrase is ambiguous in every case.

            Martin is one of only
two Texas cases our research has disclosed addressing the relational term
“nieces and nephews” in construing a testator’s intent.  In Martin, the
testator bequeathed his entire estate to “my nieces and nephews.”  Martin,
1 S.W.3d at 877.  The parties disputed whether the testator’s nieces and
nephews included those related to him by blood as well as those who were the
children of his wife’s brothers and sisters.  Id.
at 877-78.  The First Court held that the term was ambiguous under the
circumstances and concluded in this summary-judgment case that genuine issues
of material fact remained on the question of whether the term included the
testator’s nieces and nephews by blood as well as those by marriage.  Id. at 880-82.

            We find no Texas authority
supporting the appellees’ position that the phrase “my nieces and nephews” has
been given such a clear, definite, and technical meaning that in every case
and, regardless of circumstances, it must conclusively be construed as
meaning only the nieces and nephews of the testator and not those of the
testator’s spouse.  Applying the rules of will construction established by the
courts of this state, we conclude that the phrase “my nieces and nephews” does
not have such a clear, definite, and technical meaning that it is susceptible
of only one legal interpretation in every will construction case.

 

Id. at 880-81.

            The other Texas case our
research has disclosed on this issue is Hocker v. Stevens, 18 S.W.2d 842
(Tex. Civ. App.—El Paso 1929, writ ref’d).  In Hocker, the court
construed a devise to “my brothers and sisters and half brothers and sisters
then living at the time of my death, and unto my nephews and nieces then living
at the time of my death, to each one of them share and share alike absolutely
in fee simple.”  Id. at 842.  The dispute was whether this
included nephews and nieces of the whole blood as well as those of the half
blood, particularly in view of the manner in which the testator specified the
inclusion of “half brothers and sisters.”  Id. 
The court noted that this was a class gift to the nephews and nieces and held
that such a devise “embraces all
of that class who are living at the time of the death of the testator, and
without regard as to whether they are of the whole blood or half blood.”  Id. at 843.  As in Martin, however, the asserted
ambiguity in Hocker concerned the children of siblings or half-siblings
and not their grandchildren.

            The term “nieces and
nephews” is not ambiguous on its face.  See Merriam-Webster’s Collegiate Dictionary 779, 783-84 (10th ed.
1993) (defining nephew as “a son of one’s brother or sister or of one’s
brother-in-law or sister-in-law” and similarly defining niece as “a daughter of
one’s brother, sister, brother-in-law, or sister-in-law”); accord Black’s Law Dictionary 1138, 1143 (9th
ed. 2009) (defining nephew as “[t]he son of a person’s brother or sister;
sometimes understood to include the son of a person’s brother-in-law or
sister-in-law” and similarly defining niece).[3]

            This case does not involve a
dispute between Tony’s nieces and nephews and the nieces and nephews of his
wife who predeceased him.  Cf. Martin, 1 S.W.3d at 877.  Nor does this
case involve a dispute between Tony’s nieces and nephews and any nieces and
nephews of a previous marriage or other relationship.  Cf. Hocker, 18
S.W.2d at 842.

            Rather, we hold that the
rule in this case should be the same as applies when determining whether a
devise to “children” includes grandchildren.  “The law in Texas is
well-settled.  When the word ‘children’ is used in a will, absent a clear and
unequivocal intent to encompass more remote descendants, the word is restricted
to those descendants of the first degree.”  Busby v. Gray, 616 S.W.2d 284,
287 (Tex. Civ. App.—San
Antonio 1981, writ ref’d
n.r.e.); see Briggs v. Peebles, 144 Tex. 47, 188 S.W.2d 147, 150 (1945);
Bartlett v. Terrell, 292 S.W. 273, 277-78 (Tex. Civ. App.—San Antonio 1927, writ ref’d).

            Applying this rule to
“nieces and nephews” is consistent with how other states have addressed this
issue.

The word, “children” has been held to
include grandchildren and the words, “nephews” and “nieces” have been held to
refer to grand-nephews and grand-nieces, but I think it is safe to say that
such construction is never adopted in the absence of clear evidence of
intention obtained from the language of the will.

 

Bank of N.Y. v. Shillito, 14 N.Y.S.2d 458, 461 (N.Y. Sup. Ct.
1939).

“‘Niece’ and ‘nephew’ in their primary
and ordinary sense mean the immediate descendants of the brothers and sisters
of the person named, and do not include grandnieces and grandnephews, and such
construction will be given to
them when used in a will unless it clearly appears from the context that a
different meaning was intended by testator.”

 

Frederick v. Hoffman, 7 Ohio App. 2d 27, 218 N.E.2d 478,
479-80 (Ohio Ct. App. 1966) (quoting 57 Am.
Jur. Wills § 1390 (1948)).

            Tony’s will does not express
“a clear and unequivocal intent” to include grandnieces and grandnephews as
remainder beneficiaries.  See Briggs, 188 S.W.2d at 150; Busby,
616 S.W.2d at 287; Bartlett, 292 S.W. at 277-78.  Therefore, the trial
court erred when it construed the will to include Maria, Marissa and Misty as
remainder beneficiaries.  Appellants’ sole issue is sustained.

            We reverse the judgment and
render judgment that the sixteen surviving children of Tony’s brothers and
sisters are the remainder beneficiaries of the testamentary trust created by
his will.[4] 
Each of these remainder beneficiaries is entitled to a distribution of 1/16 of
the funds held by the trust.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray concurring)

Reversed and rendered

Opinion
delivered and filed December 1, 2010

[CV06]

 









[1]               Misty’s father Gathan was
the son of Tony’s brother Sam.  Tony’s brother Joe also has a son named Gathan
who is one of the appellees.

 





[2]
              Rose Mary Mayes is
on the opposite side of this dispute from her brothers Joe and Tony Baimonte.





[3]
              The editors of Black’s
Law Dictionary do add that these terms are “extended in some wills to
include [grandnephews and grandnieces].”  Black’s
Law Dictionary 1138, 1143 (9th ed. 2009).  However, our research has not
disclosed a single Texas decision in which these terms were extended to include
grandnephews and grandnieces.





[4]
              The sixteen
surviving children are: Gathan Reistino, Frances Corpora, Geneva Herbst, Louise
Mathis, Josephine Skains, Robert Reistino, Johnny Reistino, Mary Louise Luster,
Frank Reistino, Carl Reistino, Joe Baimonte, Tony Baimonte, Rose Mary Mayes,
Marjorie Price, Frances Smith, and Debbie Nigliazzo.